### Griscom's Estate.

### Griscom's Estate.

Argued December 23, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Thomas B. K. Ringe,* with him *Oscar M. Hansen, Clement B. Wood* and *Morgan, Lewis & Bockius,* for appellant.

*Albert J. Williams,* County Solicitor, and *William R. Toal,* for amicus curiæ.

OPINION BY MR. JUSTICE LINN, January 3, 1939:

These two appeals from assessments, by Philadelphia County, of trust property held (in record No. 445) by Fidelity-Philadelphia Trust Company, Rodman E. Griscom and Frances C. Griscom, Jr., Trustees, under the will of Frances C. Griscom, and (in No. 446) by Fidelity-Philadelphia Trust Company and Rodman E. Griscom, trustees, under the will of Clement A. Griscom, challenge the right of Philadelphia County to tax the whole trust property, instead of one-third in one case, and one-half in the other, for county purposes under the Act of June 17, 1913, P. L. 507, as amended, 72 PS section 4821. The appellant contends for these divisions on the ground that, in No. 445, one of the trustees resides in

Florida, another in Montgomery County, Pennsylvania, while the third, the Fidelity-Philadelphia Trust Company is a corporation of Pennsylvania with its principal place of business in Philadelphia County, while in No. 446, one trustee resides in Montgomery County, Pennsylvania, and the other, the Fidelity-Philadelphia Trust Company, is in Philadelphia County.

Both testators died domiciled in Montgomery County, Pennsylvania, in the orphans' court of which the executors accounted.

In allowing the certiorari to issue, notice was directed to be given to the Commissioners of Montgomery County.[1] No brief was filed on their behalf but the county solicitor of Delaware County, on behalf of that county, filed a brief which has been considered.

The facts, rather meagerly stated, on which the court is asked to determine the validity of the assessment, appear in the record in each case by stipulation of counsel, supplemented at the oral argument. The stipulation states "that the office of the said estate is located within the City of Philadelphia; that the Bonds, Certificates of Stock and other evidences of Title to the securities which are the subject of this Appeal are physically located within the City of Philadelphia; that all orders for the purchase and sale of securities are given through a Philadelphia agency; and that all income is received at and disbursed from said office in the Said City of Philadelphia." This was supplemented at the oral argument by counsel's agreement that the entire administration[2]

----

[1] "The court further directs that copy of this petition be served upon the County Commissioners of Montgomery County and the City of Philadelphia and other parties interested, the County Commissioners of Montgomery County and the City of Philadelphia and such other parties be granted leave, if they so desire, to appear on behalf of the County of Montgomery and the City of Philadelphia or such other counsel as may be interested as a party."

[2] The trustees of course remain answerable to the orphans' court of Montgomery County by whose decree the assets were awarded to them.

of the trust property took place in Philadelphia County. The records also contain statements in detail showing the property assessed; it consists of stocks and bonds. It is property of the kind made taxable by the statute.

In part, the Act provides: "All personal property of the classes hereinafter enumerated, owned, held, or possessed by any person, persons, . . . resident, located, or liable to taxation within this Commonwealth, or by any . . . corporation whatsoever . . . whether such personal property be owned, held, or possessed . . . in his, her, their, or its own right, or as active trustee, . . . for the use, benefit, or advantage of any other person, persons . . . is hereby made taxable, annually, for county purposes . . . [Sec. 1].

"The board of revision of taxes or the commissioners of every county in this Commonwealth shall annually furnish the assessors . . . with blanks . . . and it shall be the duty of each of said assessors to furnish a copy of the same to every taxable person . . . and corporation, in his respective ward, . . . to any officer, agent, or employee found at the place of business of any such . . . corporation . . . upon which blank each taxable person . . . and corporation shall, respectively, make return annually of the aggregate amount of all the different classes of personal property made taxable by the first section of this act, held, owned, or possessed by said person . . . or corporation, either in his, her, or its own right, or as trustee, . . . for the use, benefit, or advantage of any other person. . . . Provided, that any corporation . . . doing business in more than one county, shall be liable to make such return only in the county in which its principle office within this Commonwealth is situated. [Sec. 2.]

"It shall be the further duty of the county commissioners or board of revision of taxes, upon obtaining record of the existence within any county, or city coextensive with a county, of said mortgages and other obligations, that shall be owned by a person . . . or corpora-

tion, resident or doing business within this Commonwealth, and not a resident of said county or city, or, in the case of a corporation . . . not having its principal office within said county or city, to transmit a certified statement of said record to the county commissioners or board of revision of taxes of the proper county or city wherein said person is domiciled, or wherein said . . . . corporation does business or maintains its principal office. . . ." [Sec. 9.]

In *Dorrance's Estate*, argued at the same time, 333 Pa. 162, we considered the taxation[3] for state purposes of the mortgages, stocks and bonds constituting the trust property held in trust by four trustees, three residing in Pennsylvania and the fourth, a corporation, domiciled in New Jersey; all of the property was kept at the seat of the trust in New Jersey where the trust was administered. The commonwealth contended that three-fourths of the trust property administered in New Jersey was taxable here for state purposes because three of the trustees resided in this state. We held the Commonwealth had shown no authority to tax the property. One of the two grounds on which the decision rested was that the statute did not provide for the division contended for by the state. Reference was made to the unitary character of the trust, and the joint tenancy by which co-trustees hold. What was said on that subject, though it need not be repeated, is applicable to the present records.

We think the statute confers power to tax such trust property on the county in which it is maintained and in which the trust is administered; if the facts are in dispute, they must be determined in order that it may appear whether the statute applies or not; the provisions allowing appeals from assessments furnish appropriate procedure.

In these two cases the facts are agreed to; the trustees keep and maintain the trust property and perform

---

[3] The difference in terms of the taxing acts is not important in this connection.

their duties as trustees in Philadelphia County, the domicile of the corporate trustee. The property is therefore taxable here and not in any other county where no part of it is maintained. It is unnecessary to discuss the cases cited in the briefs because those of importance are referred to in the opinion filed in the appeal of *Ethel M. Dorrance et al.,* supra.

In each case the appeal from the action of the Board of Revision is dismissed.

DISSENTING OPINION BY MR. JUSTICE MAXEY:

I dissent from the decision of the majority in this case. I think that the rule of "proportional assessment," which I contended for in the dissenting opinion handed down today in the case of Personal Property Tax Assessed Against Ethel M. Dorrance et al., Trustees, etc., Under the Will of John T. Dorrance, deceased, should apply. I do not think that the legislature intended that when trustees of taxable personal property resided in different jurisdictions that *any one* jurisdiction should have the benefit of all the taxes collected from the trust estate and the other jurisdictions have none. I think the legislature intended that in the practical administration of the tax the rule of proportional assessment should apply. The mere fact that the trust funds are deposited in a certain jurisdiction and that the trustees meet in a certain jurisdiction, should not give that jurisdiction, whether it be a county or state, preference in the receipt of taxes from the trust property. I would say in this case what the Court of Appeals of Maryland said in a similar situation in the case of *The Mayor and Council of Baltimore v. Stirling & Ridgely, Trustees,* 29 Md. 48, as follows: "This Court in the case of *Latrobe v. The Mayor and City Council of Baltimore,* 19 Md. Rep. 13, having settled the doctrine, that the residence of the trustee, and not that of the *cestui que trust,* decides the *situs* for taxation upon property of the description mentioned in the record, the only question presented by this

appeal arises from the fact, that in this case there are two trustees, one of whom resides in Baltimore city, and the other in Baltimore county. The tax laws of the State do not expressly provide for such a case, and our decision must be made to rest upon what we regard to be equity and right. The property is certainly not liable to a double tax. If the whole of it were taxable in Baltimore city, under the authority of *Latrobe v. The Mayor, etc., of Baltimore,* it would, under the same authority, be also taxable in Baltimore county. This cannot be. We think it should be taxed, one-half as of the place of residence of each trustee,—that is, one-half should be taxed to the trustee residing in Baltimore city, and the other half to the trustee residing in Baltimore county. We are sustained in this view by the case of *The State ex rel. Harkness et al. v. Matthews,* 10 Ohio Rep. 437, and the case of *Hardy et al. v. The Inhabitants of Yarmouth,* 6 Allen 285."

If, for example, our taxing act provided that all fees paid to "a trustee of trust property" should be taxable and there happened to be more than one trustee appointed to administer a trust and these trustees resided in different jurisdictions, I do not think that the "unitary character of the trust" would preclude each taxing jurisdiction from collecting its share of taxes from that particular individual in its jurisdiction who, with the other individuals, constituted the legal entity known as "the trustee." I think no one will deny that the "unitary character of a trust" does not preclude the individuals constituting "the trustee" from receiving trust fees as individuals, though such individualization of receipts for services as "trustee" might disharmonize with the legal fiction that such individuals constitute only "one trustee." The fictional "unitary character" of those who administer a trust should yield to the physical facts of the situation in the practical administration of laws which impose taxes on property held by such person as "trustee."