## Rebmann's Appeal

*Mathew Rankin,* for appellant.
*Albert J. Williams, for* Delaware County.

FRONEFIELD, P. J., April 5, 1940.—This is an appeal by a trustee from an assessment of personal property for the year 1939. The appeal must be dismissed. . . .

The question involved is whether personal property, held by an individual trustee, under a trust inter vivos, who resides in Delaware County but who maintains a business office in Philadelphia County where the trust is actually administered and where the securities of the trust are kept, is taxable in Philadelphia County or in Delaware County?

The act under which both Philadelphia and Delaware Counties seek to collect the tax is that of June 17, 1913, P. L. 507, as amended, 72 PS §4821 et seq. Section 1 provides, inter alia, "That all personal property of the classes hereinafter enumerated, owned, held, or possessed by any person, persons . . . resident, located, or liable to taxation within this Commonwealth, or by any . . . corpora-

tion whatsoever . . . whether such personal property be owned, held, or possessed . . . in his, her, their, or its own right, or as active trustee . . . for the use, benefit, or advantage of any other person, persons . . . or corporation,—is hereby made taxable, annually, for county purposes . . .". Section 16 provides that the tax should be collected as other taxes for county purposes are collected.

It will be noticed that the act does not expressly state in what county the tax shall be paid. However, we think that a reading of the act as a whole, with particular reference to the sections dealing with the mechanics of the collection of the tax, shows that it was the intention of the legislature that the tax should be collected by the county in which the person responsible for paying the tax resides. Thus, section 7 provides that the recorder of deeds must file monthly, with the county commissioners or the board of revision of taxes, a certificate showing the "precise residence of the mortgagee" of all mortgages recorded in his office. Section 8 requires a similar certificate from the prothonotary concerning all judgments, etc., filed of record in his office. Section 9 requires the county commissioners or board of revision of taxes, upon receipt of such certificates showing mortgages or judgments held by residents of the Commonwealth who are not residents of their respective counties, "to transmit a certified statement of said record to the . . . proper county or city wherein said person is domiciled . . .". The purpose of these sections was unquestionably to prevent any evasion of the payment of the tax in the county of domicile and clearly indicated that the latter is the place where the tax is to be paid.

However, appellant contends that he has two residences, i. e., that, as an individual, he resides in Delaware County, but, as a trustee, he resides in Philadelphia County. We do not think that the act contemplates a business residence for a person in either an individual or representative capacity. It does recognize such a situa-

tion with regard to corporations. Thus section 2 provides that the assessor shall furnish a blank to "every taxable person . . . in his respective ward, district, borough, or township, or to any officer, agent, or employe found at the place of business of any such limited partnership or corporation in his ward, district, borough, or township". The legislature could have included individual trustees in the group that should be furnished with blanks at their places of business but it did not do so. Also, in section 2, we find the following proviso:

"That any corporation, joint-stock association, or limited partnership, doing business in more than one county, shall be liable to make such return only in the county in which its principal office within this Commonwealth is situated."

Here again the legislature could have provided that trustees should make a return at their places of business, but it did not do so. It follows that the legislature intended that a trustee should make his return from his place of domicile.

Appellant bases his case on the language in Griscom's Estate, 333 Pa. 186, 190:

"We think the statute confers power to tax such trust property on the county in which it is maintained and in which the trust is administered; if the facts are in dispute, they must be determined in order that it may appear whether the statute applies or not; the provisions allowing appeals from assessments furnish appropriate procedure.

"In these two cases the facts are agreed to; the trustees keep and maintain the trust property and perform their duties as trustees in Philadelphia County, the domicile of the corporate trustee. The property is therefore taxable here and not in any other county where no part of it is maintained."

However, the language of any opinion must be considered in the light of the facts in that particular case

and the question to be decided. In that case, the Supreme Court was considering the situation where there were several trustees residing in different counties. Having held that their title was as joint tenants and not as tenants in common and that the tax could not be apportioned but must be paid in only one county, it became a question as to which county should receive the tax. With the equities between the counties otherwise being equal, the scales were turned in favor of Philadelphia because the trust was maintained there. However, in the present case, the equities are not even and it is not necessary to consider the location of the trust property in order to swing the scales in favor of one or the other.

Appellant contends that the trust property has attained a "business situs" in Philadelphia and that property in the territory of one taxing unit cannot be taxed by another taxing unit. However, the "business situs" theory with respect to intangibles has not yet been applied in this Commonwealth. In Dorrance's Estate, 333 Pa. 162 (a companion case to Griscom's Estate, supra), involving the State personal property tax rather than the county tax, this theory was raised but not decided. At page 174, it was said:

"In the circumstances, it is also unnecessary to consider appellants' contention that the trust property had acquired a 'business situs' in New Jersey and was therefore not within the statute."

However, Mr. Justice Maxey, in his dissenting opinion, answers this contention at page 176, as follows:

"They invoke the 'business situs' doctrine which is quite a different thing, for a mere *trust* can be administered in *any* jurisdiction *regardless* of whether the trust itself carries on *any business* in that jurisdiction and regardless of whether the securities held in trust have any *relation* to any business in that jurisdiction. Where a trust is administered is absolutely immaterial when the sovereign state imposes a tax on personal property held within its jurisdiction by any trustee."

The "business situs" doctrine was again raised in Commonwealth v. Stewart, 338 Pa. 9. In a footnote at page 18, Mr. Justice Stern wrote:

"Intangibles can sometimes develop a localized or 'business' situs in a state other than the domicile of their owner by becoming integral parts of a local business activity. The present case, however, is not concerned with that principle".

It appears, therefore, that it is not the mere presence of intangibles in a place which gives them a business situs, but in order to obtain such a situs they must become integral parts of a business activity conducted there by the trust itself. This is not the situation in the case at bar. The Stewart case recognized and followed the regular rule that, ordinarily, the situs of intangible personal property follows the domicile of its owner.

The contention that to permit Delaware County to collect the tax on these shares would contravene the rule that property within the territory of one taxing unit cannot be taxed by another was squarely answered in Fidelity-Philadelphia Trust Company's Appeal, 337 Pa. 34, 38, 39, as follows:

"We may repeat that the tax is imposed by the state on specified property and for county purposes. The statute does not authorize the counties to levy taxes on property to be designated by them and at rates to be fixed by them. They do not act as an independent taxing district. The history of the personal property tax shows that originally the state received all of the tax and that the counties were mere collection agencies for the state. Later, part of the tax was returned by the state to the counties in which it had been collected. Finally, they were allowed to retain it all. . . . The legislature has not authorized the imposition of a tax by one county on property in another; on the contrary, the legislature itself has imposed the tax at the rate of 4 mills on property designated in the statute. It has provided that the tax so levied shall be collected by county authorities who

originally were the state's collection agencies. . . . The cases cited by the learned court below dealing with taxation by one taxing authority of property located in the territory of another taxing authority are therefore not in point."

It follows that the appeal from the assessment must be dismissed.