## Mellon National Bank and Trust Company v. Allegheny County Board of Property Assessment, Appeals and Review, (et al., Appellant).

Argued May 29, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.
Appeal, No. 204,

*David H. Weiner,* County Solicitor, with him *Benjamin Jacobson,* for Washington County, appellant.

*Leonard Boreman,* Special Counsel, with him *Nathaniel K. Beck,* County Solicitor and *John G. Brosky,* Assistant County Solicitor, for Allegheny County, appellee.

*James H. Beal, Frank W. Ittel* and *Reed, Smith, Shaw & McClay,* for Bank.

OPINION BY MR. JUSTICE BELL, June 26, 1953:

A narrow question is presented: Is the Personal Property Tax imposed by the Act of June 17, 1913,[*] as amended by the Act of May 20, 1949,[**] upon the Mellon National Bank and Trust Company, Trustee, et cetera, for Sundry Estates, payable to the County of Allegheny or to the County of Washington?

The Citizens National Bank of Washington was trustee for various trusts. The Mellon National Bank and Trust Company purchased substantially all of the assets of the Citizens National Bank including its bank building, and assumed its deposit liabilities. Pursuant to the purchase agreement the Mellon Bank was appointed by the Orphans' Court of Washington County successor-fiduciary in a majority of the trusts of which the Citizens Bank had been trustee. The Mellon Bank took possession of the assets of these trust estates, including the presently taxable securities, and they were thereafter held in the vaults or offices of the Mellon Bank at its Union Trust office in the City of Pittsburgh. The Citizens National Bank of Washington voluntarily liquidated and thereafter ceased to exist. The Mellon Bank retained, as a branch office, the banking premises formerly owned by the Citizens Bank.

While it is not set forth in the Stipulation of Facts which the parties agreed to, it is a matter of common knowledge that all of the important trust problems, including the purchase and sale of securities, are decided at the principal office of the bank and that these trusts are managed and administered in the principal office of the bank rather than in an outlying branch office. There may be discussions and conferences in the branch office between cestui que trustent and an

---

* P. L. 507.
** P. L. 1534, 72 PS 4841.

officer of the bank but this would not be sufficient, without more, to establish a liability for personal property taxes.

The lower Court correctly held that the Personal Property Tax on the securities in the trusts in question was payable to Allegheny County. Section 2 of the Act of June 17, 1913, provided, prior to the amendment of May 20, 1949, with respect to a Personal Property Tax imposed upon securities constituting part of the principal of a trust estate as follows: "Provided, That any corporation, joint-stock association, or limited partnership, doing business in more than one county, shall be liable to make such return *only* in the county *in which its principal office** within this Commonwealth is situated, . . . ." There is no doubt that the principal office of the Mellon National Bank is situated in Allegheny County and under the facts in this case it is clear that the Personal Property Tax return is to be made only in, and the tax is payable only to, Allegheny County. The fact that the Orphans' Court of Washington County still has jurisdiction and supervision over these trust estates is immaterial—that is not the test prescribed by the Act. *Griscom's Estate,* 333 Pa. 186, 3 A. 2d 693 rules the instant case on this point. In *Griscom's Estate* the corporate trustee's principal office was located in Philadelphia; the co-trustees lived in surrounding counties; the trust assets were kept in Philadelphia County. The Court held that the Personal Property Tax was payable to Philadelphia County and said (p. 190-191) : ". . . the trustees keep and maintain the trust property and perform their duties as trustees in Philadelphia County, the domicile of the corporate trustee. The property is therefore taxable here and not in any other county where no part of it is maintained."

---

* Italics ours.

Washington County contends, however, that the Mellon Bank and the Citizens Bank were consolidated, and therefore under the amendment of May 20, 1949, supra, the tax is payable in the county wherein such individual company was located prior to the consolidation, namely, in Washington County. The Amendment of 1949 provides (§2, page 1535) : ". . . Provided, That any corporation, . . . doing business in more than one county, shall be liable to make such return only in the county in which its principal office within this Commonwealth is situated, *except where two or more banks or banking institutions or trust companies shall have been consolidated; a report as to all trust funds taxable under this Act held by any of the said individual companies prior to the consolidation shall be made and the tax paid in the county wherein such individual company was located prior to the consolidation. . . .*"

There is no merit in this contention because the two banks were not consolidated.

The Stipulation of Facts sets forth that the agreement dated October 11, 1948, under which the Mellon National Bank and Trust Company purchased substantially all of the assets of the Citizens National Bank of Washington "was not entered into and the acts done pursuant thereto were not carried out under the provisions of . . . the Act of November 7, 1918, c 209, §1, 40 Stat, 1043, USCA Tit. 12, §33, as amended, which recites the procedure for the statutory consolidation of national banks." The Stipulation further recites that this agreement was entered into with the approval of the Comptroller of the Currency in accordance with the Act of February 25, 1927. Not only did the Stipulation recite that the purchase of assets, the establishment of a branch bank, and other acts pursuant to the agreement of October 11, 1948, were not done under the Federal Act providing for the statutory consolidation

of national banks, but the cases are likewise in accord that this transaction did not constitute a consolidation of these two banking institutions: *Adams v. Nagle,* 303 U. S. 532.

It is clear, therefore, that the transaction entered into between these two banking institutions was not a consolidation within the meaning of the Personal Property Tax Act amendment of May 20, 1949, supra, and the Personal Property Tax must be paid to the County of Allegheny.

The order of the Court of Common Pleas of Allegheny County is affirmed.

