## Biddle Appeal.

Argued October 2, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Charles J. Biddle,* with him *Ernest L. Nagy, Leslie M. Swope* and *Drinker, Biddle & Reath,* for appellants.

*David Berger,* City Solicitor, with him *Jacob J. Siegal* and *Karl I. Schofield,* Assistant City Solicitors, and *Levy Anderson,* First Deputy City Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, November 11, 1957:

The trustees under the will of Anthony J. Drexel, deceased, appeal from an order of the court below sustaining a tax assessment by the City of Philadelphia on personal property of the Drexel trusts for the year 1957. The sole issue involved is whether the whole of the tax assessed against the trust property is payable to Philadelphia or whether it should be divided proportionately among Chester, Delaware and Montgomery Counties which are the several places of residence of five of the six Drexel trustees *who live in Pennsylvania.* The appellants do not question the quantum of the property assessment nor their liability for the tax but, merely, the right of Philadelphia County to receive it.

By section 1 of the Act of June 17, 1913, P. L. 507 (72 PS §4821) all personal property of the classes therein enumerated owned, held, or possessed by any person, inter alia, as active trustee for the use, benefit, or advantage of other persons, is made taxable annually for county purposes (or in cities co-extensive with counties for city and county purposes) at the millage rate prescribed by the Act.

Whether the tax on personal property of trust estates was apportionable among the counties of the respective residences of multiple trustees was first raised in *Griscom's Estate,* 333 Pa. 186, 3 A. 2d 693, where two trusts were involved. For one of the trusts there were two trustees, one of whom resided in Philadelphia County and the other in Montgomery County. For the other trust there were three trustees who resided respectively in Florida, in Montgomery County and in Philadelphia County, Pennsylvania. It was there held that Philadelphia County, being the trust domicile, was entitled to the whole of the personal property taxes on both trust estates.

The same day that the opinion in *Griscom's Estate,* supra, was handed down, this court also decided *Dorrance's Estate,* 333 Pa. 162, 3 A. 2d 682, where the Commonwealth had made an assessment of trust property for purposes of the tax levied by the State Personal Property Tax Act of June 22, 1935, P. L. 414, 72 PS §3242, et seq. There were four trustees of the Dorrance trust, three of whom resided respectively in Delaware, Montgomery and Philadelphia Counties, Pennsylvania. The fourth trustee was a New Jersey corporation having its principal office in the City of Camden. Finding that the domicile of the trust was in New Jersey, this court held that Pennsylvania had no right to levy any personal property tax against the trust estate not-

withstanding that three of the four trustees resided in this State.

A few months after the decisions in the *Griscom* and *Dorrance* cases, the legislature, by Act of June 19, 1939, P. L. 413 (72 PS §4841) amended Section 2 of the Act of 1913, supra, in presently material respects, as follows: ". . . whenever any personal property taxable under the provisions of this act [of 1913, supra] is held, owned or possessed as trustee . . . by two or more persons . . . or corporations, *all of which are residents of the Commonwealth, but not all of which are domiciled in the same county,* return of such personal property shall be made in each county of this Commonwealth where any of the same are domiciled, and there shall be paid in each such county that portion of the tax imposed upon such personal property so held, owned, or possessed, as the number of such trustees . . . domiciled therein bears to the total number thereof, notwithstanding the residence of any beneficiary or the place where such personal property is kept" (Emphasis supplied).

As will at once be noted, the 1939 amendment, by its express terms, was made applicable to cases where the taxable personal property is held by two or more trustees *all of whom are residents of the Commonwealth* but not all are domiciled in the same county.

Prior to 1957—the year of the assessment here involved—all of the six trustees of the Drexel trusts were residents of the Commonwealth, three of them residing in Montgomery County, two in Chester County and one in Delaware County. To that situation, the 1939 amendment was, of course, applicable and, accordingly, the personal property taxes on the Drexel trust estates were apportioned among the three named counties in the proportion which the number of trustees residing in each of such counties bore to the whole number of trustees,

as ordained by Section 2 of the Act of 1913, as amended by the Act of 1939.

Some time in 1956 one of the Drexel trustees moved his residence from Chester County, Pennsylvania, to Cecil County, Maryland, where he has since resided. Such being the case, Philadelphia, on March 11, 1957, made a personal property assessment against the Drexel trusts in an undisputed aggregate amount, claiming that it was entitled to receive the whole of the personal property tax assessed against the trust estates inasmuch as not all of the trustees were any longer residents of the Commonwealth. Each of the three counties of Chester, Delaware and Montgomery has made or has threatened to make a proportional assessment against the trust estates for the same tax and for the same year. On appeal by the trustees, the court below sustained the Philadelphia assessment which is now the subject matter of the trustees' appeals to this court. We were informed by counsel at the time of the oral argument of this appeal that the counties of Chester, Delaware and Montgomery were duly notified, and were and are aware, of the pendency of the trustees' appeals, both in the lower court and here, in respect of the Philadelphia tax assessment for 1957, but that they have refrained from intervening or otherwise participating in the litigation.

It is plain enough that, except for the amendment of 1939, the county which, by the Act of 1913, supra, is given the use of the personal property tax levied by that Act is the county of the situs of the trust domicile: *Griscom's Estate,* supra. Since, therefore, the amendment of 1939 provides for the apportionment of such taxes among the counties of the trustees' respective residences only where *all* of the trustees are residents of the Commonwealth, it necessarily follows that the 1939 Act has no application to the situation presented

by this case where not all of the trustees are residents of the Commonwealth. Consequently, in ascertaining the county entitled to the taxes we are relegated to the law under the Act of 1913 and required to determine the county of the trusts' domicile: *Griscom's Estate*, supra.

Concededly, Philadelphia is that county. It is there that the trustees maintain the office from which the trusts are administered. The securities owned by the trust estates have at all times been kept in safe deposit vaults of banks in Philadelphia. The bank accounts of the trusts are, and always have been, maintained in Philadelphia banks. The regular and special meetings of the trustees have been held at the trusts' office in Philadelphia. The minutes and books of account of the trusts are also kept there and all correspondence of the trust estates is carried on from the Philadelphia office. Thus, Philadelphia qualifies as the trust domicile according to the indicia specified by Mr. Justice LINN for this court in *Dorrance's Estate,* supra, as follows: "Accordingly, we must inquire whether, as contended by the appellants, the record shows that a trust was established in New Jersey to be administered there, with trust property maintained there, without control elsewhere, and whether the trust is being administered there; in other words, whether New Jersey may be regarded as the 'trust domicile,' if that term may be used."

The appellants argue, however, that the Apportionment Act of 1939 is applicable to the circumstances of the instant case, contending that the statute was designed to apportion the entire tax among such counties of the State as were the residences of some of the trustees, excluding from the proportional calculation the number of trustees who are non-residents of Pennsylvania. The import of appellants' argument is that,

although one of the trustees is not a resident of the Commonwealth, there are five other trustees who are and that the tax in its entirety can be apportioned among the counties where the trustees resident in Pennsylvania live. The construction thus advocated would plainly ignore the statute's qualifying regulation that, for apportionment of the tax among various counties, *all* of the trustees must be residents of the Commonwealth. The word "all" is clear and unambiguous and cannot be disregarded. As stated in *Cannon v. Bresch,* 307 Pa. 31, 34, 160 A. 595, "The terms are emphatic— the word 'all' needs no definition; it includes everything and excludes nothing. There is no more comprehensive word in the language . . .".

What the legislature's purpose was in limiting the county apportionment of personal property taxes to cases where all of the trustees are residents of the Commonwealth we need not inquire. The language of the Act requires no rationalizing. Rather, what we quoted with approval in *Commonwealth ex rel. Cartwright v. Cartwright,* 350 Pa. 638, 645, 40 A. 2d 30, from 25 R.C.L. §217, p. 961, is apposite: "The intention and meaning of the Legislature must primarily be determined from the language of the statute itself and not from conjectures aliunde. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." To like effect, Section 51 of the Statutory Construction Act of 1937, P. L. 1019, 46 PS §551, declares that "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The appellants also contend that Philadelphia may not assess and receive the tax since none of the trus-

tees reside there. It is, of course, true that in *Griscom's Estate,* supra, one or more of the trustees of each of the trusts there involved resided in Philadelphia. But that fact was not of any material significance in determining the taxable situs of the trust property under the provision of the Act of 1913 *as unaffected by the Act of 1939.* In *Griscom's Estate,* Mr. Justice LINN there expressly recognized,—"In these two cases the facts are agreed to; the trustees keep and maintain the trust property and perform their duties as trustees in Philadelphia County, the domicile of the corporate trustee. The property is therefore taxable here and not in any other county where no part of it is maintained." Also in *Dorrance's Estate,* supra, the residences of three of the four trustees in counties of Pennsylvania was of no pertinency in determining *the taxable situs* of the trust property which was New Jersey—the trust domicile.

Finally the appellants urge that the limitation which the decision of the court below placed, by construction, upon the 1939 amendment of the Act of 1913, supra, violates the due process and property clauses of Article I, and the tax uniformity clause of Article IX, Section 1, of the Pennsylvania Constitution, and also the due process and equal protection clauses of the Fourteenth Amendment of the Federal Constitution. The constitutionality of the apportionment provision of the amendment of 1939 has already been sustained by this court: *Fidelity-Philadelphia Trust Company's Appeal,* 337 Pa. 34, 38, 10 A. 2d 547. However, in that case, it was not attacked on the ground of its failure to provide for county apportionment of personal property taxes where all of the trustees are not residents of the Commonwealth.

So far as the property clause of the Pennsylvania Constitution and the due process and equal protection

clauses of the Federal Constitution are concerned, the trustees have no standing to complain. The personal property tax on the trust property for which they are liable is not one penny more nor less than it would be were the apportionment provision of 1939 applicable to the circumstances of this case. And, the same can be said for the contention that the failure of the Act of 1939 to provide for apportionment of the tax among the counties of the trustees' residences when *all* such trustees do not reside in this State violates the uniformity requirement of Article IX, Section 1, of our State Constitution. Even though the rules do differ with respect to the counties for the collection and receipt of the tax, the rate of imposition remains uniform. The personal property tax statute does not authorize the counties of the State to impose any tax nor to specify any tax rate. As recognized in *Fidelity-Philadelphia Trust Company's Appeal,* supra, ". . . the tax is imposed by the state on specified property and for county purposes. The statute does not authorize the counties to levy taxes on property to be designated by them and at rates to be fixed by them." And, the rate of taxation is uniform throughout the State. "The test of classification is whether it produces diversity in results or lack of uniformity in its operation *either on the given subject of tax or the persons affected as payers*" (Emphasis supplied) : *Schoyer v. Comet Oil & Refining Co.,* 284 Pa. 189, 197, 130 A. 413, quoted with approval in *Commonwealth v. Girard Life Insurance Co.,* 305 Pa. 558, 562, 158 A. 262. The question as to which county or counties shall receive the tax money, under the facts of this case, does not in any way affect the amount of the tax which is to be paid by the trustees on trust property.

The appellant's contentions are clearly without merit.

**Affirmed.**