# Pittsburgh Beer Corporation Liquor License Case.

Argued November 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas J. Shannon,* Assistant Attorney General, with him *John W. Pollins, III,* Special Assistant Attorney General, and *William C. Sennett,* Attorney Gen-

eral, for Pennsylvania Liquor Control Board, appellant.

*I. Portnoy,* with him *S. David Litman,* and *Litman, Litman, Harris & Specter,* for appellee.

OPINION BY CERCONE, J., December 11, 1969:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Common Pleas of Allegheny County setting aside an Order of the Board imposing a ten-day suspension of license against appellee, the Pittsburgh Beer Corporation, a licensed importing distributor, and substituting therefor a two hundred dollar fine. The license was suspended after hearing by the Board for the following reasons:

1. The licensee, by its servants, agents or employees sold malt or brewed beverages on credit on May 1, 9, 17, 22, 26, June 2, 8, 1967.

2. The licensee, by its servants, agents or employees, failed to keep records on the licensed premises.

Upon appeal by the licensee the lower court heard the matter de novo, reversed the Board's finding that the licensee failed to keep records on the licensed premises, modified the Board's finding of credit sales on seven different occasions to a finding of one sale on June 8, 1967, and changed the Board's ten-day suspension of license penalty to a two hundred dollar fine.

The complicating factor in this case is that according to even the modified findings of the lower court the licensee is guilty of a third violation of the Liquor Code within a four-year period. The Board contends that under the provisions of the Liquor Code a revocation or suspension of license penalty is therefore mandatory and that consequently the ten-day suspension of license penalty imposed on the licensee by the Board cannot be changed or reduced to a fine by the lower

court. The licensee on the other hand contends that only the Board and not the lower court is bound by the mandatory provision of the Code relating to revocation or suspension penalty in cases involving three or more violations within a four-year period.

Section 471 of the Act of April 12, 1951, P. L. 90, as amended, 47 P.S. 4-471, known as the "Liquor Code", provides:

"Upon learning of any violation of this act . . . by any licensee within the scope of this article, his officers, servants, agents or employes, . . . the board may, within one year from the date of such violation or cause appearing, cite such licensee . . . to show cause why such license should not be suspended or revoked or a fine imposed . . . Upon such hearing, if satisfied that any such violation has occurred or for other sufficient cause, the board shall immediately suspend or revoke the license, or impose a fine . . . *In the event the person who was fined or whose license was suspended or revoked by the board shall feel aggrieved by the action of the board, he shall have the right to appeal to the court of quarter sessions or the county court of Allegheny County . . . Upon appeal, the court so appealed to shall, in the exercise of its discretion, sustain, reject, alter or modify the findings, conclusions and penalties of the board, based on the findings of fact and conclusions of law, as found by the court . . .* The licensee or the board may, within thirty days from the filing of the order or decree of said court, file an appeal therefrom to the Superior Court . . ."

An addition was made to this section by the Act of January 13, 1966, P. L. (1965) 1301, as follows:

*"If the violation in question is a third or subsequent violation of this act or the act of June 24, 1939 (P. L. 872), known as 'The Penal Code,' occurring within a period of four years the board shall impose a suspension or revocation."* (Emphasis supplied)

It is this 1966 amendment to Section 471 of the Code, which has not yet been construed by a Pennsylvania Court, that gives rise to this appeal.

Prior to the 1966 amendment to Section 471 the Board had the power to suspend or revoke a license *or impose a fine* against an offending licensee regardless of the number of violations he had committed or the time within which he had committed them. Similarly, upon appeal from the action of the Board, the lower court had authority, in the exercise of its discretion, to sustain, change or modify the findings, conclusions and penalties of the Board, based on its own findings of fact and conclusions of law. This exercise of discretion on the part of the lower court carried with it a certain limitation, however. It had no authority to change the penalty imposed by the Board if it sustained the findings of the Board. It was only in the event the lower court differed with the Board on a material fact that it could change the penalty fixed by the Board. *In Re Noonday Club of Delaware County, Inc.*, 433 Pa. 458 (1968).

Since the 1966 amendment to Section 471, however, the Board no longer has discretionary authority to place a fine on a licensee as a penalty for violation of the Liquor Code where the violation is the third or subsequent violation within a period of four years. Under these circumstances, suspension or revocation of license are the only penalties to be considered by the Board. The Board in this case abided by the provisions of the 1966 amendment and imposed a ten-day suspension of license against the licensee because he was a three-time violator of the Code within a four-year period. Upon appeal, the lower court also found the licensee to be within the number of violations set forth in the 1966 amendment, but nevertheless set aside the Board's Order of a ten-day suspension and substituted its own Order of a two hundred dollar fine. The question then

is, can a lower court under the 1966 amendment to Section 471, change a Board Order fixing a ten-day penalty to one imposing a fine of two hundred dollars? We are of the opinion it cannot.

The "exercise of discretion" on the part of the Board, or the Court on appeal to it, is highly restricted by the 1966 amendment because by that amendment the legislature has clearly indicated it had one, and only one, objective in mind—the establishment of a mandatory penalty of revocation or suspension of license if the licensee is found to have violated the provisions of the Liquor Code three or more times within a four-year period. Under the terms of that amendment, if the Board finds the presence of three or more violations, the Board has, in effect, made the one material finding that governs the application of its provisions. Upon appeal, if the lower court sustains the finding of the number of violations, then the court is without power or authority to change the mandatory penalty which the legislature has required to be imposed.

Appellee would disagree and would argue that the decisions of this Court and of our Supreme Court support its interpretation that the mandatory penalty set forth in the amendment is not binding on the lower court but binding only upon the Board. We cannot accept this interpretation as correct.

The *Noonday* case, supra, the last expression of the Supreme Court on this subject, concerns a violation occurring before the effective date of the 1966 amendment. Despite that fact, however, there still is no disagreement between the pronouncements in that case and those reached here. The legal proposition there espoused was that a lower court can change the penalty imposed by the Board only when it has made significant and material changes in the Board's findings, and that when this occurs the penalty as modified and

fixed by the lower court is not subject to review by our Court. That proposition has no applicability to the case now before us for the reason that the Court has not made any changes in the Board's material and significant finding of fact that the licensee has violated the Liquor Code three or more times within a four-year period. Such finding required the mandatory penalty of revocation or suspension under the terms of Section 471, as amended, and therefore the Court was not empowered to change that penalty.

In the case of *Ashlar Club Liquor License Case,* 203 Pa. Superior Ct. 502 (1964), we said:

"We have consistently held that the appropriate penalty in such cases is for the board and not for the court. Unless there is a material change in the factual findings, the court has no right to substitute its judgment for that of the board in the imposition of the penalty, nor may it capriciously disregard competent evidence of violation by a licensee. Bayer Liquor License Case, 200 Pa. Superior Ct. 210, 188 A. 2d 819 (1963) ; Heights Fire Company Liquor License Case, 181 Pa. Superior Ct. 56, 121 A. 2d 902 (1956)."

Also, as held in the *Noonday* case, supra, the lower court can only impose a penalty which is within the prescribed maximum and minimum penalties allowable under the applicable statutory provisions; there is no provision in the pertinent portion of Section 471 for the imposition of fines as a penalty. Therefore, when the lower court set aside the Board's penalty of suspension (a penalty required by the legislature) and substituted instead its penalty of a fine (which was not provided for by the legislature), the court went beyond its authority.

The provisions of the 1966 Amendment to Section 471 being, in our opinion, so clear and reasonably subject to only the interpretation here pronounced, we find no need to place reliance on any application of the

rules of interpretation set forth in the Statutory Construction Act. That Act (Act of May 28, 1937, P. L. 1019, 46 P.S. §551), applies only "When the words of a law are not explicit . . .". As stated in *Davis v. Sulcowe,* 416 Pa. 138 (1964) : "In Commonwealth ex rel. Cartwright v. Cartwright, 350 Pa. 638, 645, 40 A. 2d 30, this Court approved the following rule: ' *"When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning . . ."*: 25 R.C.L., Sec. 217, p. 961.' (Emphasis supplied) Such rule has been consistently followed : Lancaster City Ordinance Case, 383 Pa. 471, 474, 119 A. 2d 397; Biddle Appeal, 390 Pa. 460, 466, 135 A. 2d 915 ; Eck v. Williamsport School District, 197 Pa. Superior Ct. 591, 596, 180 A. 2d 79."

Order reversed.