## Mabey v. Michkens

*Bruce Martin Ginsburg*, for plaintiffs.
*Walter J. Timby III*, for defendant.

FORER, *J.*, July 24, 1978—Plaintiffs brought suit in trespass alleging that defendant was negligent in operating her vehicle on February 14, 1978, the date of the accident. Each plaintiff avers that he "has incurred and will in the future incur expenses exceeding $750.00 for medical bills and medication." Defendant filed preliminary objections asserting that the court lacks jurisdiction of these causes of action because the complaint fails to aver that each of the plaintiffs *had* incurred medical expenses in excess of $750 at the time the action was instituted.[1]

This action is brought under the No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. The pertinent section, §301(a)(5)(B), granting an exception to the abolition of tort liability, reads in pertinent part as follows: "A person remains liable for damages for non-economic detriment if the accident results in: (B) the reasonable value of reasonable and necessary medical and dental expenses. . . *is* in excess of seven hundred fifty dollars ($750). . ." (Emphasis supplied). Defendant argues that the use of the present tense in the cited section be construed to mean that at the time suit is instituted plaintiff has already incurred $750 in medical expenses. Plaintiff urges that the section be interpreted to mean that at the time suit is instituted the reasonable

---

1. Defendant has withdrawn her exceptions alleging lack of conformity to Pa.R.C.P. 1024(a).

probabilities are that plaintiff will incur medical expenses of $750.[2]

There is a patent ambiguity in the wording of this section. Cf. Pittsburgh Beer Corp. Liquor License Case, 216 Pa. Superior Ct. 71, 260 A. 2d 493 (1969). Accordingly, the court looks for guidance to The Statutory Construction Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1921. Certain classes of statutes must be strictly construed including "Provisions decreasing the jurisdiction of a court of record." §1928(b)(7). The entire No-fault Act is not only in derogation of the common law (but see §1928(a)) but also decreases the jurisdiction of the Courts of Common Pleas and the Municipal Court of Philadelphia by removing certain actions from those courts. Moreover, it is presumed that the legislature does not intend a result that is absurd or unreasonable: §1922(1): Get Set Organization v. Phila. Fed. of Teachers, 446 Pa. 174, 286 A. 2d 633 (1971).

If the No-fault Act be construed as defendant urges, a plaintiff would be unable to file suit for serious injuries until such time as $750 of medical expenses had been incurred. With respect to some injuries, treatment must be deferred, particularly in the case of children. A plaintiff might well not have met the threshold amount before the expiration of the statute of limitations, and thus be deprived of the substantial rights that the act affords. See O'Sullivan v. Ruszsecki, 2 D. & C. 3d 276 (1977), in which the Court of Common Pleas of Allegheny County held that it is sufficient under the

---

2. Neither party attacks the constitutionality of the act, relying upon Singer v. Sheppard, 464 Pa. 387, 346 A. 2d 897 (1975).

No-fault Act §301(a) "to allege with reasonable certainty that medical expenses will be in the threshold amount." We note that petitions for major case listing merely require that the "facts included in the petition clearly indicate that a finding or jury verdict could reasonably be expected to exceed $10,000." Phila. Court Rules 160(D). Nor need the threshold jurisdictional requirement in Federal diversity cases be alleged with greater specificity: Act of June 25, 1948, c. 646, 62 Stat. 930, as amended, 28 U.S.C.A. §1332. It is sufficient merely to allege that the jurisdictional limit is met.

No useful purpose would be served by requiring a plaintiff actually to have incurred $750 in medical expenses before filing suit if it can be fairly alleged that the medical expenses are reasonably expected to be in excess of the threshold amount. A contrary ruling would not only raise problems with respect to the statute of limitations but might encourage early, excessive or unnecessary treatment. The purposes of the No-fault Act, which are to assure every victim payment of basic medical expenses, recovery of work loss, replacement services and survivor's loss and eliminate the need to determine fault except when a victim is seriously injured, will not be frustrated or impaired by this interpretation of §301(a)(5). See 40 P.S. §1009.102(6).

Defendant's preliminary objections are overruled.