In Re: Matter of Revocation of Restaurant Liquor License No. R-6703 etc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Submitted on briefs February 28, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Gary F. DiVito,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE ROGERS, July 20, 1983:

The Pennsylvania Liquor Control Board (board) has appealed from an order of the Court of Common Pleas of Allegheny County setting aside an order of the board imposing a fifteen-day suspension of the restaurant license of Duquesne Pub, Inc. and substituting therefor a five hundred dollar fine. The license was suspended after hearing by the board for the following reasons:

> 1. The licensee, by its servants, agents or employes permitted minors to frequent the licensed premises, during the month of July, [and] on August 1, 4, 6, 10, 14, 1980.

> 2. The licensee, by its servants, agents or employes sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, during the month of July, [and] on August 1, 4, 6, 10, 14, 1980.

and because the board also found that the instant violation was the licensee's third violation of the Liquor Code (Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101—9-902) within a period of four years and

that this warranted suspension or revocation pursuant to Section 471 of the Liquor Code, 47 P.S. §4-471 which provides in part that:

> If the violation in question is a third or subsequent violation of this act or the act of June 24, 1939 (P.L. 872), known as "The Penal Code," occuring within a period of four years the board *shall* impose a suspension or revocation. (Emphasis added.)

At a hearing conducted before the board, documentary evidence, including citations previously issued by the board, was admitted and was found by the board to establish that the licensee had unlawfully conducted a lottery on the licensed premises, in 1979 had permitted gambling on the licensed premises and had furnished liquor for consumption off the licensed premises in 1978; had permitted minors to frequent the licensed premises and had furnished liquor or beer to minors in March, 1979; had furnished liquor or beer to minors in February and May, 1978 and had falsified its restaurant liquor license application in March, 1978; and had engaged in conduct prohibited by the Liquor Code in 1975, a date without the four-year statutory period. The licensee does not now contend that these violations did not occur or that the documentary evidence is inaccurate. Therefore, it is clear that the Liquor Code violations in 1980 were at least the licensee's third within a period of four years. The board so found and held on that basis that a license suspension was mandated pursuant to 47 P.S. §4-471.

The matter was heard *de novo* in the trial court. The hearing judge found that minors had not frequented the licensee's premises on any of the alleged dates in 1980, modified the board's finding that the licensee had furnished malt beverages to minors on five occasions in August, 1980 and during the month of July, 1980 to a finding of one sale on August 14,

1980, and reduced the board's fifteen-day suspension to a five hundred dollar fine. The record before the trial court contained the same evidence of the licensee's prior violations of the Liquor Code as was before the board, but the trial court made no mention in its opinion of the earlier violations.

The board contends that under Section 471 of the Liquor Code, 47 P.S. §4-471, the penalty of revocation or suspension of the license is mandatory and that, therefore, the fifteen-day suspension of the license imposed on the licensee by the board cannot be changed to a fine by the trial court, even where the court makes materially different findings of fact.

The Superior Court resolved this issue in *Pittsburgh Beer Corp. Liquor License Case,* 216 Pa. Superior Ct. 71, 260 A.2d 493 (1969) wherein the court stated:

> The "exercise of discretion" on the part of the Board, or the Court on appeal to it, is highly restricted by the 1966 amendment because by that amendment the legislature has clearly indicated it had one, and only one, objective in mind—the establishment of a mandatory penalty of revocation or suspension of license if the licensee is found to have violated the provisions of the Liquor Code three or more times within a four-year period. Under the terms of that amendment, if the Board finds the presence of three or more violations, the Board has, in effect, made the one material finding that governs the application of its provisions. *Upon appeal, if the lower court sustains the findings of the number of violations, then the Court is without power or authority to change the mandatory penalty which the legislature has required to be imposed.* (Emphasis added.)

*Id.* at 75, 260 A.2d at 494-95.

574

Here, the trial court found that there were three violations within four years although not as many as charged on the third occasion. This finding confirmed that the appellee had committed the offense described in Section 471 and was subject to suspension by the Liquor Control Board. We therefore conclude that it was error for the trial court to substitute a fine for a suspension. Because, however, the trial court found fewer violations than chagred on the third occasion, we believe we should, in reversing the order of the trial court, at the same time vacate the order of the Liquor Control Board and remand the record with direction to the Board to impose a suspension based on consideration of the facts as to the last violation as found by the trial court.

The order of the trial court is reversed; the order of the Liquor Control Board is vacated; and the record is remanded for further suspension action by the Liquor Control Board.

ORDER

AND Now, this 20th day of July, 1983, the order of the Court of Common Pleas of Allegheny County dated March 25, 1981, is reversed; the order of the Liquor Control Board is vacated; and the record is remanded for further suspension action by the Liquor Control Board.