## CITY OF ALLENTOWN v. WILSON H. GROSS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LEHIGH COUNTY.

Argued February 5, 1890—Decided February 17, 1890.

Under clause 4, § 20, act of May 23, 1874, P. L. 239, a city of the third class, having accepted the provisions of said act, may impose a license tax upon dealers in wines and liquors, graduated by the estimated amount of their gross annual sales.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 23 July Term 1889, Sup. Ct.; court below, No. 15 November Term 1888, C. P.

On September 18, 1888, a case stated was filed, wherein the city of Allentown was plaintiff and Wilson H. Gross was defendant, agreeing upon the following facts:

1. That the city of Allentown, in the county of Lehigh, was duly incorporated as a city by an act of the general assembly of Pennsylvania, approved March 12, 1867, which act is hereby made a part of this case stated.

2. That the said city of Allentown by proper ordinance duly accepted the provisions of the act of general assembly of Pennsylvania, approved May 23, 1874, P. L. 230, which is hereby made a part of this case stated, and under the provisions of that act became a city of the third class.

3. That under the provisions of the act of assembly, approved May 24, 1887, P. L. 204, which act is hereby made a part of this case stated, said city of Allentown is a city of the sixth class.

4. That on July 8, 1882, an ordinance was passed by select and common councils and approved by the mayor of said city of Allentown, providing for the taking out of a license and the payment of certain license fees by persons selling commodities or effects, or engaged in business pursuits in said city of Allentown, a copy of which ordinance is attached to this case stated,

Statement of Facts.

marked exhibit A, and which ordinance is hereby made a part of this case stated.

5. That on August 27, 1886, a supplement or amendment to said ordinance of July 8, 1882, was passed by select and common councils and approved by the mayor of the said city of Allentown, a copy of which, marked exhibit B, is hereto attached and made a part of this case stated.

6. That the defendant has been heretofore and is now engaged in the business of keeping a restaurant and saloon, where vinous, spirituous, malt and brewed liquors are sold by him in the Fifth ward in the said city of Allentown.

7. That on April 17, 1888, the Court of Quarter Session of Lehigh county granted to the defendant a license in due form to sell vinous, spirituous, malt and brewed liquors, at his place of business in the Fifth ward of the said city of Allentown, for the period of one year from April 20, 1888, under the provisions of the act of assembly, approved May 13, 1887, P. L. 108, entitled " An Act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors or any admixtures thereof," which act of assembly is hereby made a part of this case stated ; that the defendant has filed a bond with sufficient sureties, approved by the court as required by said act, has taken out the license thus granted to him by said court, and has paid the license fee, to wit : the sum of $300 as required by said act, three fifths of said license fee, to wit : the sum of $180 having been paid into the treasury of the said city of Allentown for the use of said city, one fifth thereof for the use of the county of Lehigh and the other fifth thereof for the use of the commonwealth of Pennsylvania, as required by the said act of assembly, and that he has in all respects complied with all the provisions of the said act of assembly.

8. That on or before August 3, 1888, the proper officers and authorities of the said city of Allentown classified, rated and assessed all venders of merchandise and others engaged in business pursuits in said city of Allentown, and required them to take out and pay a license by the provisions of said ordinances of July 8, 1882, and August 27, 1886, in accordance with and pursuant to the provisions of said ordinances, and classified and rated the defendant as a restaurant and saloon keeper engaged in the restaurant and saloon business as of

Class No. 8, and assessed upon him a license fee of $9 for the period of one year from September 1, 1888, and on August 3, 1888, served upon him a written notice of such classification and assessment, a copy of which, marked exhibit C, is hereto attached and made a part hereof.

9. That demand was made upon the defendant to pay to said city of Allentown the said sum of $9 as a license fee for the period of one year from September 1, 1888, assessed upon him as hereinbefore set forth, and to take out a city license under said ordinances, but the said defendant has hitherto failed and refused to pay the same.

10. It is hereby agreed that if the court be of opinion that upon the foregoing facts as admitted and agreed upon, the plaintiff is entitled to recover the said license fee of $9, then judgment is to be entered in favor of the plaintiff for the said sum of $9 and costs, otherwise judgment to be entered in favor of the defendant for costs; each party expressly reserving the right to sue out a writ of error to the Supreme Court.

—Exhibit A, attached, was the ordinance of July 8, 1882, § 1 of which provided that every person who should deal in the selling of any goods, wares or merchandise, wines or distilled liquors, drugs or medicines, commodities or effects of whatever kind or nature, should, on or before the first day of September in each year, take out or obtain from the mayor a license, the form of which was designated. Section 2 divided all such venders into classes, according to the amount of their gross annual sales made. Exhibit B was an ordinance of August 27, 1886, providing for the licensing of hotels, wholesale liquor dealers, restaurants and saloon keepers, undertakers, pavement stands, brokers, real estate and commission agents, at certain specified rates. Exhibit C. was a notice to the defendant signed by the finance committee, that he was required to pay a license tax of $9 on or before, etc., under Class 8, " to engage in the saloon business in the city of Allentown for one year from the first day of September, 1888."

On April 1, 1889, after argument, the court, ALBRIGHT, P. J., filed the following opinion:

Precisely the question presented by this case stated came before the Court of Common Pleas of Lycoming county in

1883, in a proceeding in equity instituted by George Hadtner and others against the city of Williamsport. It was held by that court that a tax like the one in question here was not illegal: Hadtner v. Williamsport, 15 W. N. 138. The decree in that case was not appealed from. I know of no decision by any court in this commonwealth to the contrary, or supporting the contention of defendant's counsel.

It has been argued that Banger's App., 109 Pa. 79, is in conflict with the case first cited. In Hadtner v. Williamsport, like in this case, the city authorities had taxed liquor sellers, graduating the tax by the estimated gross annual sales. In Banger's Appeal, the city of Williamsport attempted to impose an occupation tax. The assessors ascertained what individuals, laborers, merchants, mechanics, etc., earned a year, and rated them accordingly. The assessments for the occupations of various individuals ranged from $25 to $1,400. The Supreme Court held that such assessment was in direct violation of § 1, article IX. of the constitution, which requires that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax;" that it was not a tax on occupations, but was an income tax for the levying whereof no authority existed. I cannot see that that decision affects the question raised in Hadtner v. Williamsport, and in the case before the court.

It is argued here that the grading of the license tax according to the amount of the annual gross sales is illegal, because it is not uniform; that all liquor sellers should be required to pay the same amount; and that by making the amount of sales a basis, it is in effect an income tax. But this is not a taxing of the person of the liquor seller, but of his property, estimated by the volume of the annual sales. A tax of this character, graded in the same way for state purposes, has been levied and collected for many years. See acts relative to taxation of venders of merchandise, including liquor sellers, of 1841, and its supplements. Being taxation of a thing and not of a person, the classification makes uniformity, the same as in the case of money at interest and real estate. The man who has $2,000 at interest pays twice as much as he who has but $1,000; the owner of three dwellings pays three times as much as he who owns but one, all being of the same value.

Opinion of the Court.

It might be argued that interest on money loaned and rent received, is income, and that a tax on money at interest, or on real estate not occupied by the owner personally, is an income tax. The reasoning would be the same as that employed to demonstrate that the tax paid by the vender of liquors graded by the sales is an income tax. The unsoundness of the reasoning is so apparent that it is unnecessary to combat it. I adopt the views of Judge Cummin, set forth in his opinion in Hadtner v. Williamsport. That opinion meets every point raised by defendant's counsel in this case. It demonstrates that the plaintiff is entitled to judgment.

The rulings of the Supreme Court relative to the classification of cities : Ayars' App., 122 Pa. 266, and Reading City v. Savage, 124 Pa. 328, made since the argument of this case, do not affect the question now being considered. The effect of those decisions is, that Allentown is and has been, ever since the adoption by the city of the municipal corporation act of 1874, a city of the third class. Said act was adopted in 1874. The twentieth section of the act authorizes the tax here in question.

April 1, 1889, upon the case stated judgment is entered for plaintiff for nine dollars and costs.

—Judgment having been entered for the plaintiff, on the case stated, the defendant took this appeal, assigning the entry of said judgment as error.

*Mr. John Rupp*, for the appellant.

Counsel cited: Powell v. Commonwealth, 114 Pa. 265; Sharpless v. Philadelphia, 21 Pa. 147; Durach's App., 62 Pa. 491; Fox's App., 112 Pa. 337; Commonwealth v. Canal Co., 123 Pa. 594; Banger's App., 109 Pa. 79.

*Mr. Frank M. Trexler*, for the appellee.

Counsel cited: Clause 4, § 20, act of May 23, 1874, P. L. 239; Durach's App., 62 Pa. 494; Kelly v. Pittsburgh, 85 Pa. 170; Commonwealth v. Canal Co., 123 Pa. 620; Roup's Case, 81* Pa. 211; Kneeland v. Pittsburgh, 10 Cent. R. 421; Hadtner v. Williamsport, 15 W. N. 138.

Per Curiam:

The opinion of the learned judge below is so full and satis-

factory that we affirm this judgment for the reasons there given by him.

Affirmed.