## Danyluk *v.* Johnstown, Appellant.

428

Argued November 27, 1961. Before BELL, C. J., JONES, COHEN, EAGEN and ALPERN, JJ.

*Samuel R. DiFrancesco, Sr.,* with him *DiFrancesco* and *DiFrancesco,* for appellant.

*Richard J. Green, Jr.,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 13, 1962:

In 1960, the City of Johnstown (City) enacted an ordinance imposing a "ten ($10.00) Dollars per year [Occupational Tax upon] *non-resident* individual engaged in any occupation whatsoever within the corporate limits of the City of Johnstown. . . ." (Emphasis supplied). The ordinance imposed the levy for the fiscal year 1961 and annually thereafter; required employers to withhold the tax from the non-resident employees; and stated that it was enacted under the authority of the Act of 1947, June 25, P. L. 1145, §1, as amended, 53 P.S. §§6851 to 6857, and was for the purpose of providing revenue for capital improvements.

Appellees, non-residents employed within the City by the Bethlehem Steel Company, brought suit against their employer and City to enjoin the former from paying over to the latter any amounts withheld from their wages as a result of the ordinance and to enjoin City

from collecting said sums. In entering a permanent injunction against City and Bethlehem, ordering the latter to return the sums withheld, the court below held that (1) the ordinance violated the "uniformity" clause of the Pennsylvania Constitution, Article IX, §1, since the tax applied only to non-residents, and (2) City has exceeded the authorization of the Act of 1947 since the monies were to be devoted to capital improvements rather than for general revenue purposes. City has appealed.

City maintains that there is no lack of uniformity since at the same time it enacted the occupation tax applicable to non-residents, it had also imposed a per capita tax of ten dollars upon residents, and that both of the taxes are actually head taxes. City also points to the Act of 1957, May 20, P. L. 178, §1, 53 P.S. §37403, 1.1, which permits third class cities to create and appropriate monies to a capital reserve fund, as authority for the purpose clause in the ordinance.

Neither contention is sound. Concededly, the invalid purpose provision of the ordinance is a technical defect which could be easily corrected by City (as could the defect in levying the tax permanently rather than on an annual basis). The Act of 1957, however, has nothing to do with the levying of taxes, but merely permits appropriations for certain purposes. It does not, therefore, support City's position.

More important, the tax is violative of the uniformity requirement of the Pennsylvania Constitution. A reading of the imposition clause of the ordinance (quoted above) clearly demonstrates that, despite its label, the tax in question is a direct levy upon persons (i.e., individuals) and not upon occupations.

The tax bears none of the incidents of an occupation tax which is a flat rate levy measured by the assessed value of a man's occupation. Consequently, in a true occupation tax the amount of the levy varies with the

assessed value of a particular mode of employment. Here, no distinctions among occupations are made, a fixed ten dollar levy falling upon all non-residents. The use of the word "occupational" adds nothing to the levy and does not conceal its real nature as a capitation tax.

"Capitation or poll taxes are taxes of a fixed amount upon all the persons, or upon all the persons of a certain class, within the jurisdiction of the taxing power, without regard to the amount of their property or the occupations or business in which they may be engaged." 51 Am. Jur., Taxation §38, p. 66, 1 Cooley, Taxation §40, p. 122 (4th ed. 1924). The tax is imposed because of the protection which a governmental unit affords to persons residing therein, and is designed primarily to require contributions from all residents for the services rendered them by the taxing authority. Consequently, per capita, capitation or head taxes can be imposed only upon residents of the particular political subdivision since residence alone furnishes the contact necessary to render a person amenable to the direct levy.

Such a connection is lacking here since the only persons subject to the levy are those residing *outside* of the City. Residence cannot be made the basis of discrimination in taxation of persons engaged in the same occupation or profession. To permit such distinction would be contrary to the well-established principle that the test of the validity of a classification is whether it produces diversity in results or lack of uniformity in its operation either on the given subject of tax or the persons affected as payers. *Biddle Appeal,* 390 Pa. 460, 468, 135 A. 2d 915 (1957). Here the basis of the classification is unreasonable and is violative of Article IX, §1 of the Pennsylvania Constitution.

Finally, even if the tax were truly an excise tax upon the privilege of engaging in occupations within City (as the court below regarded it) much the same

conclusions follow except that the unjustified distinction would be between occupations of residents and those of non-residents rather than between the residency or non-residency status of the individuals themselves.

The present tax, therefore, violates the provisions of the uniformity provision of the Pennsylvania Constitution and must be invalidated.

Decree affirmed at appellant's costs.