Guernsey et al., Appellants, v. Midland Borough.

Argued November 15, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*R. Clifton Hood*, with him *Evans & Hood*, for appellants.

*Robert J. Masters*, with him *Suffoletta & Masters*, for borough, appellee.

OPINION BY WOODSIDE, J., March 21, 1962:

The Borough of Midland in Beaver County enacted a tax ordinance pursuant to the "Tax Anything" Act of June 25, 1947, P. L. 1145, as amended, 53 P.S. §6851 et seq.

The ordinance provides in section 3 that "each individual engaged in an occupation, as hereinbefore defined, within the corporate limits of the Borough of Midland shall be required to pay an annual occupational tax of Ten ($10.00) Dollars." Occupation is defined in the ordinance to mean "any trade, profession, business or undertaking of any type or kind carried on or performed within the corporate limits of the Borough . . ." The ordinance defines "Occupational Tax" as "a tax of Ten ($10.00) Dollars per year levied on each individual engaged in any occupation as hereinbefore defined, within the corporate limits of the Borough of Midland, during the year 1961 . . ."

It appears that of the approximately 7000 persons employed within the corporate limits of the Borough of Midland approximately 80% reside outside of the borough. The plaintiffs in this case, being among those who work in the borough but reside outside of it, brought an action in equity to enjoin the borough from collecting the above tax. The court below concluded that the tax was legally imposed and dismissed the appeal. The plaintiffs appealed.

The answer to this case is found in the recent case of *Danyluk v. Bethlehem Steel Company and The City of Johnstown,* 406 Pa: 427, 178 A. 2d 609 (1962).

The Johnstown ordinance. held illegal in that case differs from the Midland ordinance in that it attempted to impose an occupational tax upon only the non-residents who were employed in the city, while the Midland ordinance attempted to impose a tax upon all who were employed in the Borough of Midland regardless of residence. The Johnstown ordinance violates the uniformity clause (Art. IX, §1) of the Pennsylvania Constitution in a manner which the Midland ordinance does not.

Nevertheless, under the language of Mr. Justice COHEN in the above case, the Midland ordinance cannot be enforced against non-residents of the borough. The Supreme Court held that the Johnstown ordinance which provided for the imposition of a "Ten ($10.00) Dollar per year Occupational Tax upon non-resident individuals who engage in any occupation whatsoever within the corporate limits of the City of Johnstown . . . ." was, despite its label, "a direct levy upon persons (i.e., individuals) and not upon occupations."

Concerning this tax ordinance, Mr. Justice COHEN said : "The tax bears none of the incidents of an occupation tax which is a flat rate levy measured by the assessed value of a man's occupation. Consequently, in a true occupation tax the amount of the levy varies with the assessed value of a particular mode of employment. Here, no distinctions among occupations are made, a fixed ten dollar levy falling upon all non-residents. The use of the word 'occupational' adds nothing to the levy and does not conceal its real nature as a capitation tax.

" 'Capitation or poll taxes are taxes of a fixed amount upon all the persons, or upon all the persons of a certain class, within the jurisdiction of the taxing power, without regard to the amount of their property or the occupations or business in which they may be engaged.' 51 Am. Jur., Taxation, §38, p. 66, 1 Cooley, Tax-

ation, §40, p. 122 (4th ed. 1924). The tax is imposed because of the protection which a governmental unit affords to persons residing therein, and is designed primarily to require contribution from all residents for the services rendered them by the taxing authority. *Consequently, per capita, capitation or head taxes can be imposed only upon residents of the particular political subdivision since residence alone furnishes the contact necessary to render a person amenable to the direct levy."* (Emphasis supplied)

What is said above is applicable to the Midland ordinance for it, too, is "a direct levy upon persons (i.e., individuals) and not upon occupations." As such a tax "can be imposed only upon residents of the particular political subdivision," the non-resident plaintiffs are not amenable to the levy. They, therefore, are entitled to an injunction restraining the borough from collecting the tax from them.

Order reversed and the case is remanded for the entry of an appropriate decree.