Gaugler *v.* Allentown, Appellant.

316

Argued January 16, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bernard B. Naef*, City Solicitor, for City of Allentown, appellant.

*George J. Joseph*, with him *James G. Kellar*, and *Joseph and Kellar*, for appellees.

OPINION BY MR. JUSTICE EAGEN, March 19, 1963:

On January 23, 1962, the City of Allentown adopted an ordinance[1] imposing a tax of $10 per annum on each individual (residents and nonresidents alike) engaged in an occupation within the corporate limits of the city.

This appeal is from a final decree in the court below, sitting in equity, ruling that the ordinance was invalid and unenforceable as to nonresidents.

The ordinance provides in Section 2: "The City of Allentown hereby levies and imposes on each individual engaged in an occupation during the fiscal year of 1962 within the corporate limits of the City of Allentown an Occupation Privilege Tax. This tax is in addition to all other taxes of any kind or nature heretofore levied by the City of Allentown."

In *Danyluk v. Johnstown*, 406 Pa. 427, 178 A. 2d 609 (1962), this Court ruled, inter alia, that a municipality has no legal authority to levy a capitation or poll tax against nonresidents and that in determining the validity of an ordinance imposing such a tax, the substance of the tax measure determines its true nature, rather than the label placed upon it. See also, *Guernsey v. Midland Borough*, 197 Pa. Superior Ct. 394, 178 A. 2d 782 (1962); *Dawson v. Kentucky Distilleries Co.*, 255 U. S. 288, and *National Biscuit Co. v. Philadelphia*, 374 Pa. 604, 98 A. 2d 182 (1953).

The principal questions for decision herein are, therefore, two, namely: (1) Does the ordinance under discussion impose a true Occupation Privilege Tax as distinguished from a tax classified as a head or capitation or poll levy? (2) Did the municipality, the City of Allentown, have the authority to impose a true Occupation Privilege Tax under the provisions of the Act

---

[1] By virtue of the authority given under the "Tax Anything" Act of June 25, 1947, P. L. 1145, §1, as amended, 53 P.S. §§6851 to 6857.

of 1947, and its amendments, supra? Both questions must be answered in the affirmative.

"Capitation or poll taxes are taxes of a fixed amount upon all the persons, or upon all the persons of a certain class, within the jurisdiction of the taxing power, without regard to the amount of their property or the occupations or business in which they may be engaged." 51 Am. Jur., Taxation, §38, 1 Cooley, Taxation, §40 (4th ed. 1924). However, this is a general rule and does not mean that every Occupation Privilege Tax to be valid must impose a tax which varies with the particular mode of employment. *Banger's Appeal,* 109 Pa. 79 (1885) ; *Ping v. Cortez,* 139 Colo. 575, 342 P. 2d 657 (1959).

Even before the passage of the Act of 1947, supra, a municipality had the authority to license and tax operations and transactions performed within its corporate limits. See, *Allentown v. Gross,* 132 Pa. 319, 19 A. 269 (1890) ; *Altoona v. O'Leary,* 254 Pa. 25, 98 A. 798 (1916). Further, it was indicated in *Banger's Appeal,* supra, that a flat rate levy on all occupations was valid and that if such appeared to be unjust that this question was one for the legislature and not the courts. The uniformity of the tax removes the stigma of unconstitutionality under Art. IX, §1, of the Pennsylvania Constitution.

It is our conclusion that the tax imposed was purely an Occupation Privilege Tax despite the fact that it does not assess a varying levy according to the nature of the employment. It taxes the *privilege* of all to engage in occupations within the municipality's territorial limits. This power was given by the legislature under the Act of 1947, supra. Section A. thereof, authorizes the imposition of taxes on "persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivision." In Section E of the Act, the legislature specifically treated

a head or poll tax separately and distinctly from an Occupation Privilege Tax and clearly expressed an intention that such distinct and separate taxes could be imposed. It is fundamental that every law is to be construed, if possible, to give effect to each and every provision, Act of May 28, 1937, P. L. 1019, §51, 46 P.S. §551, and *Commonwealth v. McHugh,* 406 Pa. 566, 178 A. 2d 556 (1962). Moreover, the legislative intent is further clarified by the imposition of *separate* limitations on the amount of the levy that can be imposed in the various enumerated categories.

The validity of the ordinance was also attacked in the court below on the grounds that it results in double taxation and is taxation without representation. We find no semblance of merit in either contention; nor do we find any violation of the Constitution of the United States or of this Commonwealth.

Finally, it must be noted that the court below reluctantly declared the ordinance invalid because of language employed in *Danyluk v. Johnstown,* supra. The decision of the Superior Court in *Guernsey v. Midland Borough,* supra, was also influenced and based thereon. The factual situation in *Danyluk* was patently different. It was admitted therein that the tax involved was intended to be a per capita or head tax on residents and nonresidents. This admission, coupled with the fact that the tax bore none of the incidents *that generally* are found in a true Occupation Privilege Tax led the court to conclude that the tax was not an occupation tax. We did not intend to rule that an occupation tax in order to be valid must of necessity vary according to the value of the mode of employment. The language involved must be read in view of the admitted facts in the case.

Decree reversed. Each side to pay own costs.

Concurring Opinion by Mr. Justice Cohen :

I concur in the result reached by the majority.

In *Danyluk v. Johnstown*, 406 Pa. 427, 430-31, 178 A. 2d 609, 611 (1962), we took care to point out that if the tax there involved were regarded as an excise tax upon the privilege of engaging in an occupation—as we have considered the tax in the instant case to be—it would violate the uniformity provision of the Pennsylvania Constitution since it was only imposed upon the occupations of nonresidents and not upon the occupations of residents. We stated in that case: "Finally, even if the tax were truly an excise tax upon the privilege of engaging in occupations within City . . . much the same conclusions follow except that the unjustified distinction would be between occupations of residents and those of non-residents rather than between the residency or non-residency status of the individuals themselves."

Thus, it was clearly implied in *Danyluk* that a flat rate[1] excise or privilege tax could be imposed if it applied equally to the occupations of residents and nonresidents. Since the majority has properly decided that the instant tax is an occupation tax, and since this tax was applied equally to all individuals engaged in an occupation within the City of Allentown, I also conclude that the ordinance is a valid tax enactment.

---

[1] Subsection (h) of the 1961 Amendment to the Act of June 25, 1947, P. L. 1145, §1, 53 P.S. §6851 E, authorized and limited such tax by stating: "Flat rate occupation and occupational privilege taxes not using a millage [sic] or percentage as a basis, $10."