## Pa. Automatic Merchandising Council v. Harman Township

*Thomas E. Lippard, Mark A. Rosenblum* and *Margaret F. Houston,* for plaintiffs.
*Edwin J. Martin,* for defendant.

SCHEIB, *J.*, June 21, 1984—Plaintiff has moved for summary judgment in this declaratory judgment proceeding filed to test the validity of certain taxing ordinances of defendant, Harmar Township. The relevant facts, supported by a stipulation between the parties filed of record, are not generally in dispute.

Pennsylvania Automatic Merchandising Council, (PMAC) is an unincorporated association of Pennsylvania vending machine owners and operators with offices in the Commonwealth of Virginia. Plaintiff, Harrison Music and Vending Company, trustee ad litem, is a member of the Pennsylvania Automatic Merchandising Council and is a Pennsylvania Corporation with offices in Allegheny County, Pa. As such, Harrison is authorized to bring this action on behalf of PMAC.

Defendant, Harmar Township is a second class township with offices located in Cheswick, Allegheny County, Pa.

In April, 1980, the Harmar Township Board of Supervisors enacted Ordinance no. 236 which imposed taxes upon, inter alia, vending machines of various types. The ordinance was enacted pursuant to the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, 53 P.S. §6901 et. seq., as amended.

Subsequently, the Harmar Township Board of Supervisors in January, 1983 enacted Ordinance no. 251 which was intended to modify and supersede the 1980 taxing ordinance. The 1983 ordinance continues to levy taxes on vending machines*. Plaintiff, via this declaratory judgment proceeding questions the validity of both ordinances as they pertain to it and affiliate members.

Plaintiff, trustee ad litem, Harrison Music, as well as the affiliated organizations, operates or manages these various vending machines and devices which are subject to the taxes imposed by the aforesaid ordinances and are therefore the persons responsible for payment of said taxes. During 1980, plaintiff and affiliate members owned and operated a total of 70 merchandise vending machines of which 60 dispensed food or beverages and 10 dispensed cigarettes. The total receipts from these vending machines for the year 1980 was $248,048.40, for an average gross income per machine of $3,543.55. In 1981, 73 merchandising vending machines were involved, of which 63 dispensed food or beverages and ten dispensed cigarettes. The total receipts for these machines was $268,588.85, for an average gross income of $3,679.30 per machine. During the year 1982, a total of 97 machines were owned and operated, of which 84 dispensed food or beverages and 13 dispensed cigarettes. Total receipts were $349,222.45 and gross income per machine averaged $3,600.23. Each of the affiliated plaintiffs filed a Pennsylvania Corporate Tax Return and has

---

* The 1980 ordinance levied a flat rate tax of $50 on vending machines generally, and $10 on cigarette dispensing machines. The 1983 ordinance taxed vending machines at the rate of $50 and those only dispensing chewing gum, lozenges and sundries at the rate of $10.

reported and paid a capital stock tax. In addition each has also paid sales and use tax on the purchase of the vending machines. Finally, the entire revenue of plaintiff and its affiliates is derived from the ownership and operation of the coin operated vending machines and amusement devices of the kind taxed under the Harmar Township Ordinance(s).

Plaintiff contends that no genuine issue of material fact exists and that, as a matter of law, the subject ordinances must be declared to be invalid as to its business operations. We note preliminarily that summary judgment will be entered only in cases that are clear and free from doubt. If any issues must be determined by a fact finder, then summary judgment is inappropriate. In its motion, plaintiff alleges that the subject ordinances violate the aforesaid tax enabling act and the Federal and State Constitutions. Under the applicable law, we have reached the inescapable conclusion that the township ordinances are invalid as to plaintiff's vending machines.

In the first place, the tax placed on the vending machines is duplicative of other taxes on the privilege of employing tangible personal property. Clearly, except for certain types of taxes inapplicable to the fact situation before us, political subdivisions are not permitted to tax the privilege of employing tangible personal property which is subject to state tax. 53 P.S. §6902 (3). Plaintiff argues, and correctly so, that defendant township through its ordinances is taxing plaintiff's vending machines while said vending machines are subject to other state taxes. Hence, the property is subject to double taxation. In determining whether or not the tax is duplicative of another tax, the actual operation of the two taxes is controlling, regardless of terminology involved. The incidence of a tax embraces the subject matter

thereof and, more importantly, the measure of the tax, i.e., the base or yardstick by which the tax is applied. See Gaugher v. Allentown, 410 Pa. 315, 189 A.2d 264 (1963).

In the case at bar it is admitted that plaintiff and its PMAC affiliates have paid a capital stock tax as well as a state sales and use tax on the subject vending machines. Plaintiff contends, and we agree, that the capital tax is a species of property tax which reaches the assets of a corporation. Murray v. City of Philadelphia, 364 Pa. 157, 71 A.2d 280 (1954). Sales and use tax is paid by plaintiff and its affiliates at the time of purchase of the vending machines. Although Ordinance 251 taxes the "privilege of using for profit" we agree with plaintiffs that the tax of either $50 or ten dollars is a tax directly on the property of plaintiff, i.e., the vending machines. The inevitable conclusion is reached then that the tax duplicates taxes already paid to the state via sales and capital stock taxes.

Plaintiff concedes however, that duplication of state and local taxes on tangible personal property should be found to exist only when a business consists almost entirely of the property which is the subject of taxation. We believe that such a situation exists in the case at bar. From the facts, including the stipulation of counsel, the vending machines constitute plaintiff's entire business. For that reason we consider Busse v. City of Pittsburgh, 443, Pa. 349, 279 A.2d 14 (1971), cited by defendant, to be inapposite. In Busse, our Supreme Court upheld a city business privilege tax where the tax payer was engaged in a construction business which involved much more than the use of tangible property. Moreover, the city tax was levied on the gross receipts of the business, and was not a tax on each specific piece of property owned by the taxpayer. Busse is

clearly distinguishable on its facts. Under all the circumstances we believe the subject tax to be duplicative of the aforesaid state taxes already paid and therefore must be invalidated as to plaintiff's vending machines.

In passing, we also note that the subject ordinances have levied a tax which is discriminatory and lacking in uniformity. It is axiomatic under both the Pennsylvania Constitution and the Constitution of the United States that all persons receive equal treatment under the law. A classification scheme which does not promote approximate equality and substantial uniformity must be stricken. Since plaintiffs are retail dealers in goods, wares and merchandise, and since no other business is taxed on the sale of cigarettes, candies or other merchandise when not sold through vending machines, the tax is discriminatory. The same reasoning was applied by Judge Sarah Soffel of our court of common pleas in the case of Commonwealth ex rel. v. Bradley, 40 D.&C. 584 (1940). In the Bradley case, Judge Soffel, in a well-reasoned opinion, struck down a tax on a vending slot machine which resulted in taxation of a particular method of sales operations, as an unconstitutional classification system. Judge Soffel found that there was no fundamental difference between over-the-counter sales of chewing gum, peanuts and candy and vending machine sales of the same items which could justify taxing only vending machines. Judge Soffel noted that the tax complained of seemed to be on a particular mode of vending. Judge Soffel observed that corporations and persons engaged in the same business who may sell candy, nuts, and gum by means of an ordinary retail storeroom or counter in a storeroom, were not required to pay the tax. Therefore, the difference between the two classes of merchants was

not in the merchandise dispensed, but in the mode of dispensing it. Judge Soffel noted that she "could see nothing that would justify the imposition of a license tax by the city on the one method of conducting a business and not on the other". (40 D.&C. 584, at p. 596).

Under all the circumstances, we believe the subject ordinances are void and invalid as to the vending machines of plaintiff and its PMAC affiliates, and must be stricken.

An appropriate order will be entered.

## ORDER OF COURT

And now, this June 21, 1984, this matter having come before the court for hearing on plaintiff's motion for summary judgment, and after argument thereon, and it appearing to the court that no genuine issue of material fact exists to be determined at the time of trial, and in accordance with the opinion heretofore filed, it is ordered, adjudged and decreed that said motion be and the same is granted, and judgment is entered in favor of plaintiff and against defendant;

And it is further ordered, adjudged and decreed that Ordinances nos. 236 and 251 of defendant, Harmar Township are invalid and of no force and effect insofar as they pertain to the vending machines of members of Pennsylvania Automatic Merchandising Council;

And it is further ordered, adjudged and decreed that any monies paid by members of PMAC shall be refunded forthwith along with simple interest thereon.