## Larzelere, Appellant, *v.* Fisher.

*Sheriff—Fees—Execution—Poundage—Act of July* 11, 1901, *P. L.* 663.

Where a levy has been made upon property under a levari facias sur mortgage, but before the sale the plaintiff has sold and assigned the judgment to another, and has received the money therefor, without such money going through the hands of a sheriff, the latter is not entitled under the Act of July 11, 1901, P. L. 663, to poundage on the money. The courts will not carry the provisions of the act a step further than the plain import and meaning of its language.

Argued Dec. 10, 1903. Appeal, No. 226, Oct. T., 1903, by

plaintiff, from judgment of C. P. Montgomery Co., June T., 1903, No. 172, for defendant on case stated in suit of John Larzelere v. George Harrison Fisher.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine the right of sheriff to poundage. Before WEAND, J.

The opinion of the Superior Court states the case.

*Error assigned* was judgment for defendant on the case stated.

*J. B. Larzelere, Jr.,* with him *N. H. Larzelere,* for appellant.— The legislature intended to throw every safeguard about the sheriff and to enable him to collect fees in all cases where the plaintiff made his money, even to the extent of refusing to return the writ, or permitting him to proceed with the execution for the sole purpose of collecting his fees : Haddock v. Com., 103 Pa. 243.

Nowhere can it be gathered from the act that the plaintiff may sell his mortgage and judgment, put the money in his pocket, stay the writ and refuse to pay the sheriff's poundage.

*Henry M. Brownback,* with him *Neville E. Tyson,* for appellee.—The act of 1901 was construed by the lower court in Irvin v. Jones, 3 Pa. Dist. Rep..782, the court holding that the sheriff was not entitled to commissions where no sale is made, or money paid upon the writ.

And in Allison's Estate, 4 Pa. C. C. Rep. 550, the court held where money is paid into court the sheriff is not entitled to poundage ; the prothonotary, as the court's clerk, takes charge of it and is responsible for its custody, for which he is allowed compensation under the act: Terry v. Gregg, 26 P. L. J. 94.

Nor was he allowed poundage under the acts where the writ was stayed by the plaintiff : Smith v. Morrison, 1 Chester Co. Rep. 291.

In all the decisions under the former acts it will be seen that the sheriff must receive and disburse the money received either from the defendant on the writ or the land and goods of the defendant sold under the writ, before he is entitled to poundage : Wadlinger on Costs, 227.

OPINION BY MORRISON, J., January 21, 1904:

· This was a case. stated wherein the facts. were agreed upon and submitted for the opinion and judgment of the court. .

Substantially, the case stated discloses. the. following facts : the defendants procured a judgment and -issued a levari facias sur mortgage which was placed in the hands of the sheriff and he made a levy upon the property and advertised it for sale on March 4, 1903. Before the day of the sale the defendants who were plaintiffs in that case assigned the judgment and marked it to the use of a trust company and the writ was stayed. The amount paid to plaintiffs in that case, defendants here, was $16,925 and costs. No part of this money went into the hands of the sheriff. It is agreed that he has been paid all of his costs except poundage or commission on said sum of $16,925. It is to recover $92.12 his commission or poundage on said amount that this suit is brought. And, therefore, the court was called upon to determine the right of the sheriff to demand and recover said sum on the facts stated.

The sheriff makes his claim under the sheriff's fee bill of July 11, 1901, P. L. 663, which provides, inter alia, " For paying out money made or received on any writ, process, decree, order or sentence of court, two cents on every dollar awarded and applied, or paid, on · any judgment, mortgage, incumbrance or other claim, provided that the amount of same does not exceed $500 ; in which case one half cent on every dollar in excess of this amount awarded and applied, or paid, as aforesaid ; said commission to be allowed whether the money is paid with or without sale, and also in all cases where, after levy, the debt has been paid direct to plaintiff or a compromise made, without the money going through the sheriff's hands."

The case stated agrees that the defendant in. the levari facias paid no money and it is not pretended that there was any collusion or scheme between the parties in that case to deprive the sheriff of his poundage. We then have the construction of the above provision of law to consider. The learned court below held; " said commission to be allowed whether the money is paid with or without sale" to mean when it is paid to the sheriff, either by the debtor or in satis-

faction of the debt, and the expression "also in all cases where, after levy, the debt has been paid direct to plaintiff, or a compromise made, without the money going through the sheriff's hands," to mean where the debt is actually paid or compromised.

In this case there was no payment of the debt by the debtor, no fraud, collusion or compromise, and no money received by the sheriff and under this state of facts we think the learned court reached a correct conclusion in holding that the sheriff was not entitled to poundage and in entering judgment in favor of the defendant with costs. The elaborate argument of the learned counsel for the plaintiff has not convinced us of the correctness of his construction of the portion of the act of 1901 quoted, supra. His argument attaches much importance to the words "in all cases" used by the act, and he draws the conclusion that these words make it apply to all cases where money is paid upon the judgment, whether by defendant or by a third person purchasing it. We cannot agree with this construction. In our opinion the words "in all cases," in the connection in which they are used, mean that all writs upon which property is or may be sold, after levy, etc., if the money is paid or the debt adjusted by compromise without the further agency of the sheriff he is still entitled to his poundage. The construction contended for by the plaintiff would work great hardship and injustice in cases where the judgment was purchased and honestly assigned to the purchaser by the plaintiff, and still held against the defendant. This might occur frequently and if the argument of the plaintiff is sound then every time a judgment was sold and assigned after the issuing of a writ and levy the sheriff could claim his poundage. We are clearly of the opinion that the legislative intent as expressed in the act of 1901 does not contemplate the payment of poundage upon a judgment but once. In the case under consideration the sheriff received his fees and costs for all services actually rendered. He does not pretend that the debt was paid by the defendant or that it was compromised and extinguished. He stands here admitting that the sale and assignment of the judgment was honest and fair, and that it still stands against the defendant, and that he is still liable for its payment, and of course if it is not voluntarily paid this plaintiff or some other

sheriff may earn the poundage at some future time on another writ. It has not heretofore been the policy of the law to allow a sheriff poundage or commission on money unless it passed through his hands or was paid to the plaintiff by the defendant through the instrumentality of the sheriff aided by the writ in his hands at the time. Now the act of 1901 clearly goes a step further than this as it provides for the payment of the commission whether the money is paid with or without sale, and also in all cases where after levy the debt has been paid direct to plaintiff or a compromise made, without the money going through the sheriff's hands. We are not inclined to carry the provisions of this act a step further than the plain import and meaning of this language, and we have no doubt it means as we have already indicated that the debt must be paid by or for the defendant or it must be compromised. In either event so that the judgment is satisfied or extinguished. To us this construction seems so plain and free from doubt that we are not disposed to discuss it further.

We are all of the opinion that on the facts agreed upon in the case the judgment of the learned court below is free from error. The assignments of error are all dismissed and the judgment is affirmed.