## Union National Bank of Mount Joy v. Saylor

John A. Coyle, for rule.

Sumner V. Hosterman, contra.

SCHAEFFER, J., January 17, 1936. — The plaintiff, Union National Bank of Mount Joy, paid to the sheriff under protest the commission or poundage and took a refunding receipt from the sheriff. Upon petition to the court a rule was granted to show cause why the poundage fixed at $14.65 should not be repaid by the sheriff to the plaintiff. The plaintiff had issued execution on a judgment for $2,300, entered to August term, 1932, no. 250. The sheriff levied on the real estate of the defendant. Before the sale by the sheriff the plaintiff stayed the writ and paid all costs, including the poundage. The writ was stayed because the plaintiff had sold and transferred the judgment to John Orth. No settlement was made by the plaintiff and defendant, John Saylor, and no money passed from the defendant to the plaintiff. The good faith of the transfer of the judgment from plaintiff to John Orth and the consideration thereof as alleged in the petition are admitted by counsel for the sheriff.

The legal question presented is whether the sheriff is entitled to a commission or poundage upon the staying of a writ of execution by the plaintiff where the judgment creditor does not receive payment from the debtor or enter into a compromise with him, but in good faith transfers the judgment to a third person for a consideration, and the judgment remains open and unsatisfied.

The sheriff bases his claim to his commission or poundage in the instant matter on section 1(e) of the Act of June 1, 1933, P. L. 1141, which regulates and establishes the sheriff's fees. It provides, inter alia:

"For the settlement or staying by the plaintiff of any writ embraced in any section of this act, relating to either lands and tenements or personal property, the execution of the same not being concluded, the sheriff shall receive the same fees for receiving, docketing, and returning, levying and advertising, with mileage and such commission as would be chargeable if sale had been made upon said writ for the amount paid to settle or stay the same, whether such sum be paid to him or to the plaintiff, or a compromise be made between plaintiff and defendant for the future payment of any sum to satisfy the same."

This Act of 1933 repeals all prior acts inconsistent therewith. The sheriff contends that the act entitles the sheriff to proper commissions on all writs that are stayed, to be computed on the amount paid to stay the writ. On the other hand the plaintiff claims that the above-quoted section of the act limits the sheriff's commission or poundage to cases where there is a settlement or a compromise made by the plaintiff and defendant to take effect either presently or in the future, and that the act does not include a bona fide sale and transfer of the lien by the plaintiff to a third party.

The plaintiff relies upon the decision of the Superior Court construing similar provisions in the Act of July 11, 1901, P. L. 663, which was in force until the effective date of the Act of 1933. The Act of 1901 provides for the commission to be allowed the sheriff "for paying out money made or received on any writ, process . . . on any judgment, mortgage, encumbrance or other claim, . . . said commission to be allowed whether the money is paid with or without sale, and also in all cases where, after levy, the debt has been paid direct to plaintiff or a compromise made, without the money going through the sheriff's hands." In construing this Act of 1901 in Larzelere v. Fisher, 24 Pa. Superior Ct. 194, the Superior Court held that the sheriff was not entitled to a commission or poundage where the judgment was purchased and honestly transferred to the purchaser by the plaintiff and remained

open against the defendant. The court said, at page 197 of the opinion:

"In this case there was no payment of the debt by the debtor, no fraud, collusion or compromise, and no money received by the sheriff and under this state of facts we think the learned court reached a correct conclusion in holding that the sheriff was not entitled to poundage."

It was contended in that case that the phrase "in all cases" in the Act of 1901 made it applicable generally, but the Superior Court did not so construe it and limited the act, stating:

"We are not inclined to carry the provisions of this act a step further than the plain import and meaning of this language . . . that the debt must be paid by or for the defendant or it must be compromised."

The appellate and lower courts of this State have construed strictly the provisions of the statutes fixing the sheriff's commission or poundage. The tendency of the decisions has been to disallow it, unless expressly and explicitly allowed by the legislature, where no sheriff's sale has been held. In Hantsch v. Zell et ux., 2 Woodw. Dec. 92, the sheriff's fee bill of 1868 was construed strictly, and it was held that where an execution is issued and defendant pays the money directly to the plaintiff, so that none passes through the sheriff's hands, the latter is not entitled to poundage. In that case the earlier acts relating to poundage, back to 1795, and the Supreme Court decisions thereon are referred to. In the following cases it was decided that the sheriff was not entitled to poundage even under the Act of 1901, supra, where the purchaser at the sheriff's sale is the plaintiff in the execution: Nevling v. Carley, 15 Dist. R. 151; Barr, to use, v. Shannon, 23 Dist. R. 190; Dickson's Estate, to use, v. Lee, Exec., et al., 24 Dist. R. 375, and Farmers & Merchants Trust Co. v. Brumback, 18 D. & C. 656. These decisions are based upon the language of the earlier acts, which limits the sheriff's poundage to money received and paid out by the sheriff.

The first portion of section 1(e) of said Act of 1933 is general and might be construed as sustaining the sheriff's position, if it were not for the latter portion of that section which limits it to the amount paid to settle or stay the writ, whether paid directly to the sheriff or to the plaintiff, or whether a compromise be made between plaintiff and defendant for a future payment to satisfy the same. In view of the earlier Act of 1901, containing similar language, and the decision of the Superior Court in Larzelere v. Fisher, supra, the conclusion is warranted that the legislature intended section 1(e) of said Act of 1933 to be limited to a settlement or compromise between the plaintiff and defendant. If the legislature meant to include the sale and transfer of the judgment or mortgage or lien by the plaintiff without the intervention of the defendant, or if it was meant to apply in all cases where the writ is stayed, exclusive of a stay by order of court, it would not have been difficult so to express it in the act. If it was intended to change the effect of the decision in Larzelere v. Fisher, supra, the act of assembly could and should have provided specifically for the payment of such commission on "the amount of money received by the plaintiff for the sale and transfer of a judgment, mortgage, encumbrance or any lien", or words to that effect. In Davis' Appeal, 314 Pa. 357, it was decided that where there are in the same statute specific provisions relating to a particular subject, they must govern, although there are also, in other parts of the statute, general provisions which, if they stood alone, would be broad enough to include that subject.

The sheriff's right to charge poundage is of statutory origin and must depend upon the statute creating the right. Construing the language of section 1(e) of the Act of June 1, 1933, P. L. 1141, the court concludes that it is not sufficiently clear and comprehensive to cover a bona fide sale and transfer of a judgment by plaintiff to a third party before a sheriff's sale, where the defendant in the

execution is not a party to it and where the judgment or lien continues open and unsatisfied against the defendant. The court must, therefore, hold that under the particular facts of the instant case the sheriff is not entitled to the commission or poundage of $14.65.

And now, January 17, 1936, the rule to show cause why the sheriff's commission or poundage of $14.65 should not be refunded by the sheriff to the plaintiff in the execution on the judgment is made absolute.

From George Ross Eshleman, Lancaster.