## Metropolitan Life Insurance Company v. Erie Commerce Building Corp.

*MacDonald, Illig, Jones & Britten,* for plaintiff.

*Knox, Pearson & McLaughlin,* for defendant.

*Wendell R. Good,* for sheriff.

CARNEY, J., December 19, 1966.—This is a case where the facts are not in dispute, and which has been submitted for the opinion and judgment of the court.

In February of 1966, plaintiff caused a writ of execution to issue and directed the Sheriff of Erie County to expose for public sale defendant's property, located at 12th and State Streets in the City of Erie, Pa. Thereafter, defendant, in June of 1966, secured a court order deferring the sale in an effort to allow defendant additional time to pay its debt.

In July and August of 1966, a tripartite agreement was entered into by the principals and a third corporation, "The New Commerce Building, Inc." This corporation was to pay certain amounts to the execution defendant and an additional amount to plaintiff. In return, plaintiff was to give its satisfaction piece as to the first mortgage on which the execution had issued, and to order the stay, return and satisfaction of the writ previously issued.

To carry out the agreement, counsel for both plaintiff and for The New Commerce Building, Inc., met in the sheriff's office on August 31, 1966. A check in the amount of $150,000 was tendered, for which counsel for plaintiff was prepared to satisfy the writ and deliver the satisfaction piece. The sheriff then presented his statement of cost in the amount of $893.83, including poundage of $765.

This amount was paid to the sheriff and the satisfaction piece obtained with the express stipulation that the amount representing the poundage was paid under protest.

The sheriff makes his claim under the Act of May 9, 1949, P. L. 927, as last amended by the Act of June 14, 1961, P. L. 350, 16 PS §11301, which covers the fees, mileages and allowances of sheriffs in counties other than counties of the first class, which provides, inter alia:

". . . (b) For executing writs of execution, or any writ or order issued out of any court, requiring the levy and seizure of lands and tenements or selling the

same according to law, the following items. . . ." (Here follow specific charges covering various items).

The act then states as follows:

"In addition the sheriff shall charge and receive, as an official fee, a commission charge of two cents on every dollar, based upon the total amount bid for the property, whether paid to the sheriff or credited to the purchaser: Provided, That the amount of same does not exceed one thousand dollars ($1000), in which case one-half cent (½¢) on every dollar in excess of this amount shall be charged in addition. . . .

"(e) For the settlement or staying by the plaintiff of any writ embraced in any section of this act, relating to either lands and tenements or personal property, the execution of the same not being concluded, the sheriff shall receive the same fees for receiving, docketing, and returning, levying and advertising, with mileage and such commission as would be chargeable if sale had been made upon said writ for the amount paid to settle or stay the same, whether such sum be paid to him or to the plaintiff, or a compromise be made between plaintiff and defendant for the future payment of any sum to satisfy the same".

Plaintiff contends that despite the explicit wording of the statute, the sheriff in this situation is not entitled to poundage, and relies upon the ruling in Hornak v. Kennedy, 31 D. & C. 515 (1938), in which the court ruled in a similar situation that the sheriff was not entitled to poundage.

There, the court used, by analogy, interpretations of the Act of April 20, 1846, P. L. 411, sec. 1, which provides as follows:

"Whenever the purchaser or purchasers of real estate, at Orphans' Court or sheriff's sales, shall appear from the proper record to be entitled, as a lien creditor, to receive the whole, or any portion of the proceeds of said sale, it shall be the duty of the sheriff

. . . making such sale, to receive the receipt of such . . . purchasers, for the amount which he or they would appear, from the record as aforesaid, to be entitled to receive".

The court there referred to cases interpreting this act which held that where such receipt was furnished by the lien creditor, the sheriff was not entitled to a commission on the amount of that receipt, stating at page 521:

"If sale had been made, plaintiff could have bid in the property levied upon, filed his receipt and certificate, and been relieved of the payment of poundage. That plaintiff accepted a deed from defendant and stayed the writ cannot penalize him with the payment of poundage. If the sheriff could not have collected a commission on a consummated sale to plaintiff, there is no reason in law or equity for the allowance of a commission upon the staying of the execution regardless of what consideration may have induced the abandonment of the writ by the plaintiff. We are therefore deciding that where a plaintiff in an execution is in position to proceed under and claim the benefits of the Act of 1846, supra, he may stay the writ without payment of commission or poundage to the sheriff".

We cannot agree with either the rationale or the result reached in that decision, for it is in direct conflict with the plain, unambiguous language of subsection (e) of the statute providing that the sheriff shall receive the same fees "for the *settlement* or staying by the plaintiff of any writ, . . . the execution of the same not being concluded, . . . with mileage and such *commission* as would be chargeable if sale had been made upon said writ for the *amount paid* to settle or stay the same". (Italics added).

Clearly, this means that the sheriff is entitled to his commission where the writ is stayed or a settlement has been reached, and that the commission is to be

based on the amount paid to stay the writ, or the amount paid in settlement.

To further explain and to emphasize the meaning and intent of this portion of the act, it goes on to say: ". . . whether such sum be paid *to him or to the plaintiff*, or a compromise be made between plaintiff and defendant for the future payment of any sum to satisfy the same". (Italics added).

Surely there can be no disagreement over these words, that it makes no difference whether the money is paid to the sheriff and then turned over to plaintiff, or paid directly to plaintiff, or the parties provide for future payment.

When the language of a statute is plain and unambiguous and conveys a clear, definite meaning, the statute must be given its plain and obvious meaning: Muldoon Unemployment Compensation Case, 170 Pa. Superior Ct. 625; Commonwealth ex rel. Cartright v. Cartright, 350 Pa. 638.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551, states that:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions.

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit".

In our opinion, there is no ambiguity and, therefore, it is not the province of this court to contravene the intention of the legislature.

Plaintiff cites Larzelere v. Fisher, 24 Pa. Superior Ct. 194 (1904), where the request of a sheriff for poundage under the Act of July 11, 1901, P. L. 663, was refused.

That act contained provisions similar to the act under consideration:

". . . said commission to be allowed whether the money is paid with or without sale, and also in all cases where, after levy, the debt has been paid direct to plaintiff or a compromise made, without the money going through the sheriff's hands".

In that case, after levy, but before sale, the judgment creditor assigned the judgment and marked it to the use of a trust company.

The court refused the sheriff his commission because the assignment did not extinguish the debt. The debt still remained against defendant, and poundage would be paid at a later date.

The court did say at page 198:

"It has not heretofore been the policy of the law to allow a sheriff poundage or commission on money unless it passed through his hands or was paid to the plaintiff by the defendant through the instrumentality of the sheriff aided by the writ in his hands at the time. Now the act of 1901 clearly goes a step further than this as it provides for the payment of the commission whether the money is paid with or without sale, and also in all cases where after levy the debt has been paid direct to plaintiff or a compromise made, without the money going through the sheriff's hands. We are not inclined to carry the provisions of this act a step further than the plain import and meaning of this language, and we have no doubt it means, as we have already indicated, that the debt must be paid by or for the defendant or it must be compromised. In either event so that the judgment is satisfied or extinguished. To us this construction seems so plain and free from doubt that we are not disposed to discuss it further".

Thus, the court, while not disposed to enlarge on the meaning of the Act of 1901, does admit of its meaning and import, which is the same interpretation reached by this court of the Act of 1961.

In Farmers & Merchants Trust Company v. Brumback, 18 D. & C. 656 (1932), the court also interpreted the Act of 1901, supra, and refused the sheriff his commission upon that portion of the purchase price as represented by the receipt of a lien creditor.

In this case, the court refused to enlarge on the provisions of the act, saying:

"It is to be noted that the provision is for 'paying out money made or received', and can we say that this can be interpreted to include cases where no money is received or paid out, except as that situation is provided for in the act itself? That act carefully makes provision for the case where the sheriff is entitled to poundage when he does not actually receive or pay out the money, and that is when the debt has been paid direct to the plaintiff or compromise made without the money going through the hands of the sheriff".

This, at least by inference, indicates no disagreement with paying the sheriff his commission, even though no money has come into his hands, as long as the situation is one covered by the act. That is, that while the court would give the act its proper meaning, it would not enlarge on its express terms.

As we said above, we can find no ambiguity in the act under discussion; nor can we see any inequity in its clear meaning. For, even though the sale was never consummated, the recovery was brought about by the foreclosure and the sheriff's efforts therein.

### ORDER OF COURT

And now, to wit, December 19, 1966, it is ordered and decreed as follows:

1. That the sheriff return the writ of execution in the above captioned matter to the prothonotary.

2. That the poundage or commission in the amount of $765 is legally due the sheriff, and he need not refund same.

3. That the rule granted on plaintiff's petition be discharged.