**Pittsburgh National Bank v.
General Housing Industries, Inc.**

*Roger V. Wiest,* of *Wiest & Younkin,* and *John P. Papuga,* of *Tucker, Arensberg & Ferguson,* for plaintiff. *Peter Krehel,* for defendant.

KIVKO, P. J., April 17, 1974.—The sole question before the court is the construction of that portion of the statutory sheriffs' fee bill, section 1(b) of the Act of May 9, 1949, P. L. 927, as amended (the 1949 Act). 16 PS §11301(b), that provides for the payment of poundage to the sheriff on a sale of land pursuant to a writ of execution.

This matter comes to us on a case stated pursuant to Pennsylvania Rule of Civil Procedure 1003 under which the Pittsburgh National Bank, plaintiff in the writ of execution and the purchaser at the execution sale (plaintiff), and Robert Kearney, Sheriff of Northumberland County (sheriff), entered into a written agreement waiving the filing and service of pleadings and requesting the court to enter judgment on facts stated, each party reserving the right of appeal.

The facts are as follows: Plaintiff entered a judgment by confession against General Housing Industries, Inc., in the amount of $1,617,410.63. The sheriff, pursuant to a writ of execution issued on the judgment, made a levy on certain real estate of the judgment debtor in the City of Shamokin. On November 15, 1972, the sheriff exposed the property to sale. It was purchased by plaintiff for $343.47, the amount of the costs. On September 24, 1972, the sheriff filed a return indicating that poundage was due in the amount of $8,102.05. This was computed on the principal amount of the judgment of $1,617,410.63. After protest by plaintiff, the sheriff recomputed the poundage to the sum of $2,282. This was based on the fair

market price of the property ($453,400) as shown in the affidavit of value which plaintiff intended to attach to the deed. Plaintiff, however, contends that the poundage should be computed on the basis of its bid price of $343.47 and that poundage due the sheriff is $6.87.

The question submitted to the court is the determination of the proper amount of poundage due the sheriff. If the court shall be of the opinion that the poundage should be computed on the bid price of $343.47, then the court shall find that poundage of $6.87 is due; if the court shall be of the opinion that the poundage should be computed on the fair market value of the property purchased, then the court shall find that poundage of $2,282 is due.

Section 1 of the 1949 Act specifies the fees and costs, including commissions and mileage, which a sheriff may charge and receive for his services. Subsection (b) of section 1 sets out what he may charge and receive on writs of execution on real estate. Among them is the following provision, the interpretation of which is here in dispute:

"In addition, the sheriff shall charge and receive as an official fee, a commission charge of two cents on every dollar, based upon the total amount bid for the property, whether paid to the sheriff or credited to the purchaser: Provided, That the amount of same does not exceed one thousand dollars ($1000), in which case one-half (½¢) on every dollar in excess of this amount shall be charged in addition."

The Statutory Construction Act of November 25, 1972, P. L. 707 (No. 230), 1 Pa. S. §1501, et seq., provides in section 1921: "(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." This is a re-enactment of section 51 of the Statutory

Construction Act of May 28, 1937, P. L. 1019, 46 PS §551. That intention must be gathered from the language of the statute alone where such language is clear and unambiguous: Woolworth Company v. Pittsburgh, 2 Comm. Ct. 338 (1971). When the language of the statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and instruction; the statute must be given its plain and obvious meaning: Davis v. Sulcowe, 416 Pa. 138 (1964); Pittsburgh Beer Corporation Liquor License Case, 216 Pa. Superior Ct. 71 (1969).

The words of subsection (b) of section 1 of the act are clear and unambiguous: "[T]he sheriff shall charge and receive . . . *a commission* . . . based *upon the total amount bid* for the property." The statute neither states nor implies that the commission, generally known as poundage, may be based on the fair market value of the property. If the legislature had intended the latter meaning, it would have said so and would have provided a formula for determining fair market value. We cannot ignore or strike the language actually used. We must construe the words to mean exactly what they plainly say, namely, that the sheriff's commission shall be based on the amount bid.

The sheriff contends that his construction of the words "total amount bid for the property" is to be found in the language that follows, namely: "whether paid to the sheriff or credited to the purchaser." In support of his contention, he argues that the words "or credited to the purchaser" would have no meaning unless he is allowed to include in the computation of his commission an item which may be applied as a credit to the purchaser and the item which may be so applied in a case such as this, he states, is the fair market value

of the property. This reasoning has no basis in the language relied on. No such rationalization may change "the total amount bid" to mean something higher than the total amount bid. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Statutory Construction Act of November 25, 1972, 1 Pa. S. §1921(b). See Statutory Construction Act of May 28, 1937, sec. 51, 46 PS §551.

The reason for the phrase "whether paid to the sheriff or credited to the purchaser" becomes apparent when viewed in the perspective of the statutory sheriffs' fee bill's development. The Act of April 2, 1868, P. L. 3, sec. 2, and the Act of June 12, 1878, P. L. 187, sec. 1, provided that the sheriff shall be entitled to poundage for "receiving and paying *money* to plaintiff . . . recovered upon any process . . . The same commission to be allowed where money is paid to plaintiff or sheriff with or without sale; if paid without sale, no commission shall be allowed on more than is paid over to creditor." The Act of July 11, 1901, P. L. 663, sec. 1, provided that the sheriff shall be entitled to poundage "[f]or paying out *money* made or received on any writ, process . . . on every dollar awarded and applied, or paid, on any judgment [or] mortgage . . . ; said commission to be allowed whether the money is paid with or without sale, and also in all cases where, after levy, the debt has been paid direct to plaintiff or a compromise made, without the money going through the sheriff's hands."

These acts were construed to mean that when a lienholder was the purchaser at an execution sale, the sheriff was not entitled to poundage on that portion of the purchase price which would have been credited to the purchaser as a lienholder. Where *money* did not actually pass through his hands, the sheriff was

entitled to poundage only in situations specifically provided by the statute. Purchase of property on an execution sale by the execution creditor for a sum above the costs was not one of these situations. The sheriff was required to accept a lien creditor's receipt for that portion of the purchase price which exceeded the costs and claims entitled to a priority. This was not "money" collected by the sheriff, nor was it "money" awarded and applied or paid. It, therefore, could not be included in the computation of the sheriff's commission. See Farmers & Merchants Trust Company v. Brumback, 18 D. & C. 656 (1932), and the cases cited therein.

The Act of June 1, 1933, P. L. 1141, 16 PS §7861, changed that. It omitted the language of the earlier acts which stated that the sheriff's commission was his compensation "for receiving and paying money" or "for paying out money made or received." It stated that on execution sales of real estate, his commission was to be computed on "the total amount bid for the property, whether paid to the sheriff or credited to the purchaser." The same language was used in the 1949 Act with which we are concerned. It permits poundage on the portion of the bid that is not paid to the sheriff but credited to the purchaser as a lien creditor, but it does not either expressly or impliedly permit poundage on any amount that exceeds the amount of the bid.

The reason for poundage, though no longer expressly stated, remains basically the same, namely, to compensate the sheriff for the trouble and risk involved in making an accounting of the proceeds realized on an execution sale. It is not a fee for other services which he renders. He is entitled to charge a fee for each of these other services, beginning with his

receiving and docketing the writ to his executing and acknowledging the deed and registering and recording it, at the specific rates set out for these services in section 1(b) of the 1949 Act. Poundage, in the language of the act, is "in addition."

The sheriff cites the case of Metropolitan Life Insurance Co. v. Erie Commerce Building, 41 D. & C. 2d 668 (Erie County, 1966), in support of his position. It fails to provide such support. The court in that case held that under the facts presented, the sheriff was entitled to receive a commission even though no money came into his hands. That is not the question at issue. The facts presented there were entirely different from those before us. The question in that case was what poundage the sheriff was entitled to receive when a settlement was effected between plaintiff and defendant before the execution sale was held. The answer was provided not by subsection (b) of section 1 of the 1949 Act with which we are concerned, but by subsection (e) which states: "(e) For the settlement . . . of any writ . . . , the execution of the same not being concluded," the sheriff is entitled to receive, in addition to the usual fees, "such *commission* as would be chargeable if sale had been made upon said writ for the *amount paid* to settle." The court, adhering to the same principles of construction we have used in this opinion, held that the "plain, unambiguous language of subsection (e) of the statute" clearly means "that the sheriff is entitled to his commission where . . . a settlement has been reached, and that the commission is to be based on the amount paid . . . in settlement." See also Larzelere v. Fisher, 24 Pa. Superior Ct. 194 (1904). Nothing was stated in that case from which it could be inferred that the fair market value of the property that was levied on was in any way relevant.

## DECISION AND ORDER

And now, April 17, 1974, it is ordered and decreed that the poundage due the sheriff in the above-captioned execution sale should be computed on the bid price of $343.45 and that the poundage due the sheriff by plaintiff amounts to the sum of $6.87.